UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shaul Levy,<br><br>    Plaintiff,<br><br>Law Offices of J. Henry Nierman;<br><br>J. Henry Nierman;<br><br>Recovery of Judgment LLC<br><br>    Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and New York General Business Law § 349.

2. This action relates to Defendants' illegal, deceptive, and abusive attempts to collect allegedly unpaid judgment via a flagrantly unlawful and improper subpoena.

3. Moreover, the underlying judgment that Defendants were purportedly attempting to enforce appears not to exist.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred by l5 U.S.C. §l692k(d) and 28 U.S.C. §1331.

5. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

6. Venue in this district is proper because the Defendants reside in this District and the acts and the transactions that give rise to this action occurred, in substantial part, in this district. 28 U.S.C. §§1391b(1) and (2).

## PARTIES

7. Plaintiff Shaul Levy is a natural person who resides in Miami Beach, Florida.

8. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

9. Defendant Law Offices of J. Henry Nierman ("LOHN") is a third-party debt collector whose principal business purpose is the collection of debts.

10. LOHN regularly attempts to collect debts alleged to be due to another and is a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692a(6).

11. LOHN is engaged in the business of collecting debts in New York and maintains its principal place of business at 39 West 29th Street, Suite 612, New York NY 10001.

12. Defendant J. Henry Nierman ("Nierman") is a third-party debt collector whose principal business activity is the collection of debts.

13. Nierman regularly attempts to collect debts alleged to be due to another and is a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692a(6).

14. Nierman, is engaged in the business of collecting debts in New York and maintains his principal place of business at 39 West 29th Street, Suite 612, New York NY 10001.

15. Defendant Recovery of Judgment LLC ("Recovery of Judgment") is a foreign limited liability company and, according to its own website, is a third party debt collector focused on judgment recovery.  Exhibit D.

16. Recovery of Judgment regularly attempts to collect debts alleged to be due to another and is a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692a(6).

17. Recovery of Judgment is engaged in the business of collecting debts in New York and maintains its principal place of business at 39 West 29th Street, Suite 612, New York NY 10001.

18. As stated above, all three Defendants share the same business address.

19. As set forth herein and in the attached exhibits, Nierman and LOHN send to consumers dunning letters that list the same address, phone number and fax number as the address, phone and fax number for Recovery of Judgment, as listed on its website.

20. As set forth herein and in the attached exhibits, Nierman and LOHN send out dunning letters that list LOHN's website as www.RecoveryofJudgment.com and list Nierman and LOHN's email as Support@RecoveryofJudgment.com.

21.     Upon information and belief, the Defendants are united in interest, and in essence, operating one unified debt collection operation, controlled by Nierman.

## FACTS

22.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

23.     By letter dated December 10, 2016, post-marked December 13, 2016, and sent by regular mail, Defendant sent to Mr. Levy the letter and purported post-judgment Subpoena Dues Tecum attached hereto as Exhibit A.

24.     The subpoena purports to be issued in relation to a judgment in "Matt Morrison v. Shaul Levy", taken in New York Civil Court, County of New York, with a purported index number of "056136/2010". Id.

25.     The subpoena is addressed to Mr. Levy in Florida and "command[s]" Mr. Levy "to appear and attend before Recovery of Judgment at 39 West 29th Street, Suite 612, New York, New York 10001 on December 26, 2016 at 10:00 AM", i.e. the day after Christmas, which was a federal holiday.

26.     The subpoena further "command[s]" Mr. Levy to bring with him comprehensive financial documentation, including "statements for bank accounts. . . . debtor has maintained in the past five (5) years", "all federal and state tax returns for the past five years", etc.

27.     The subpoena also contains a restraining notice stating that Mr. Levy is "forbidden to make or suffer any sale, assignment, transfer, or interference with any property in which [he] ha[s] an interest, except upon direction of the sheriff or pursuant to an order of the court until the aforesaid judgment is satisfied or vacated." Exhibit A.

28.     The restraining notice further states that "Disobedience of this Restraining Notice is punishable as a contempt of court."

29.     The subpoena states "FINAL NOTICE" in large letters across each page.

30.     The accompanying letter, from "Law Offices of J. Henry Nierman" and signed by Mr. Nierman, but listing the address, phone number, website and email shared with Defendant

Recovery of Judgment, warns that "failure to comply with a properly issued subpoena entitles the creditor to move the Court to impose sanctions on the debt and request **additional fines and/or imprisonment**. Exhibit B [emphasis in original].

31.     The subpoena and accompanying letter are flagrantly unlawful and in gross violation of New York law and the FDCPA.

32.     The subpoena and accompanying letter and were sent to Mr. Levy in Florida, whereas the purported default judgment in question is listed as having been taken in New York.

33.     Such out-of-state post-judgment subpoenas are void under New York law which has no provision for service of a subpoena upon a judgment debtor without the state. See, e.g. *Siemens & Halske, GmbH v. Gres*, 324 N.Y.S.2d 639, 640 (1st Dep't 1971) (voiding a post-judgment subpoena and holding that "[w]hile . . . a summons may be served outside the State, there is no such provision for a subpoena."); *Israel Discount Bank, Ltd. v P. S. Products Corp.*, 65 Misc 2d 1002, 1004, 319 N.Y.S.2d 554 (NY Sup. Ct. 1991) ("service of the subpoena upon judgment debtor without the State is void"); *Alfred E. Mann Living Trust v ETIRC Aviation S.a.r.L*, 35 Misc. 3d 1228(A), (N.Y. Sup. Ct. 2009).

34.     Even were this not so, the subpoena is a nullity because it was required to be served "in the same manner as a summons" (CPLR §2303), whereas Defendants' letter and "subpoena" were sent via regular mail. Exhibit C.

35.     Regular mail would not be valid service with regard to a summons and is therefore not valid service with regard to the subpoena.

36.     The subpoena is also improper because it is required to set forth a deposition date that falls during regular business hours, whereas the subpoena calls for the deposition to occur on December 26, 2016, which was a Court (and national) holiday and therefore does not qualify. CPLR §5224(c).

37.     Moreover, the subpoena was not timely as it was mailed, at earliest on December 13, 2016 and did not arrive until less than 10 days before the supposed

deposition date CPLR §5224.

38.     The subpoena also lacks the statutorily required language set forth in 22 NYCRR §208.39.

39.     Because the subpoena was unlawful, the cover letter, which was also labelled "FINAL NOTICE" and suggested that Mr. Levy could face "fines and/or imprisonment" should he fail to reply, was also unlawful.

40.     Moreover, the underlying action appears not to exist.

41.     Specifically:  Prior to the filing of this litigation, the undersigned sent a letter to Nierman stating, *inter alia*, that Mr. Levy did not recognize the underlying action.

42.     Subsequently, in a conversation on December 27, 2016, Nierman indicated that he would send counsel for plaintiff the underlying court file.

43.     Counsel for plaintiff followed up on this request on January 12, 2017 via email.

44.     Nierman did not respond.

45.     Since that time, after conducting initial research that failed to identify any underlying action with the caption listed in the letter or subpoena ("Matt Morrison v. Shaul Levy") (New York Civil) or a case with a similar name listed by the index number provided in the letter and subpoena (#056136/2010), my office conferred with the New York Civil and Supreme Court Clerks' offices.

46.     The Clerks were likewise unable to identify any such action in their databases.

47.     Based upon this inquiry, it appears and Plaintiff hereby alleges that the underlying judgment does not exist.

48.     In the alternative, the underlying judgment has been materially misstated in the collection communications received from Defendants.

## FIRST CAUSE OF ACTION
### Violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.

49.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

50.     By undertaking the above referenced collection activities, Defendants violated 15 U.S.C.

§ 1692 *et seq*.

51. Specifically, and without limitation, Defendants violated the FDCPA through a host of false, deceptive and unfair conduct, in violation of 1692e and 1692f including, inter alia:

   a. Falsely representing the character, amount and legal status of the purported debt; (§ 1692e(2)) (e.g. falsely representing that a judgment had been obtained against Mr. Levy in an action in New York Civil Court captioned "Matt Morrison v. Shaul Levy" with an index number of 056136/2010);

   b. Threatening to take actions against Mr. Levy that cannot be taken and that were never intended to be taken (e.g. the taking of his deposition in New York, moving the Court to impose sanctions on Mr. Levy and/or to request "additional fines and/or imprisonment" of Mr. Levy in the event he did not appear or otherwise comply with the unlawfully issued subpoena) (§ 1692e(5));

   c. Making false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning Mr. Levy (§ 1692e10);

   d. Falsely representing that documents are legal process. (§ 1692e(13)); and

   e. Attempting to collect amounts not authorized by any agreement creating the debt or permitted by law (§ 1692f(1)).

52. As a result of Defendant's FDCPA violations, Plaintiff has suffered actual damages, including:

   a. attorney's fees and costs;

   b. aggravation, nervousness, emotional distress, fear, loss of concentration, indignation, and pain and suffering (*inter alia*, in connection with the false prospect of being held in contempt, fined, and/or imprisoned per Defendants' letter and subpoena).

53. As a result of these violations, Plaintiff is entitled to statutory damages of up to $1,000, actual damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION
### Violations Of New York General Business Law § 349

54. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

55. Each of the deceptive acts and practices set forth above, constitute violations of NYGBL § 349 independent of whether these acts and practices constitute violations of any other law.

56. These deceptive acts and practices were committed in conduct of business, trade, commerce or the furnishing of a service in this state.

57. Specifically, the deceptive acts and practices occurred in the course of Defendants' attempts to collect a purported consumer debt that Defendants alleged had been reduced to a New York state court judgment, and these collection actions (the drafting and sending of the various deceptive and misleading documents referenced above) took place largely in New York.

58. Defendants' deceptive acts and practices were consumer-orientated.

59. Defendants' conduct was not a unique, one-time occurrence without possibility of replication or recurrence and without implication for the broader consuming public, but rather involve misleading boilerplate documents sent by a high volume debt collector to a consumer.

60. Defendants' willfully and knowingly engaged in the deceptive tactics set forth herein in bad faith and, on information and belief, do so on a regular and recurring basis.

61. Defendants' statements and conduct, as set forth herein and in the attached Exhibits, were materially misleading.

62. As a result of these violations of NYGBL § 349, Plaintiff suffered, inter alia, actual damages, as set forth above at paragraph 52.

63. For these reasons, Plaintiff is entitled to actual damages, declaratory judgment, an injunction of the deceptive practices set forth herein (including *inter alia*, an injunction against Defendants sending out subpoenas of the type described herein to consumers living outside of New York; an injunction against Defendants sending out subpoenas to any consumer via regular mail; and an injunction against sending out subpoenas that fail to accurately and completely set forth the caption, the index number, and the identity of the judgment creditor, etc.), three times actual

damages up to $1000, punitive damages, costs and reasonable attorneys' fees.

**WHEREFORE,** plaintiff respectfully requests that this Court award:

(a) Declaratory Judgment that Defendant's conduct violated the FDCPA and NYGBL § 349 ;

(b) Injunctive relief pursuant to NYGBL § 349;

(c) Actual damages;

(d) Statutory damages;

(e) Costs and reasonable attorney's fees; and

(f) Such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: May 30, 2017

Respectfully Submitted,

*/s/Daniel A. Schlanger*
Daniel A. Schlanger, Esq.
Kakalec & Schlanger, LLP
85 Broad Street, 18th Floor
New York, NY 10004
T: (212) 500-6114
dschlanger@kakalec-schlanger.com
