# Exhibit A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

Matt Morrison

                              Plaintiff,

v.

Shaul Levy
5757 COLLINS AVE APT 1706,
MIAMI BEACH, FL, 33140

                              Defendant.
------------------------------------------------------------X

Index No.: 056136/2010

**SUBPOENA DUCES TECUM**

## THE PEOPLE OF THE CITY OF NEW YORK

TO:    Shaul Levy
        5757 COLLINS AVE APT 1706,
        MIAMI BEACH, FL 33140

**GREETINGS:**

**WHEREAS,** in an action in the CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF NEW YORK, between Matt Morrison, as *Plaintiff*, and Shaul Levy, as *Defendants*, who are all the parties names and in said action, a judgment was entered on 3/11/2010, in favor of plaintiff/judgment creditor and against Shaul Levy, defendant/judgment debtor, residing at 5757 COLLINS AVE APT 1706, MIAMI BEACH, FL, 33140, in the total sum of **$8,700.00**, of which the sum of **$13,990.08** remains due and unpaid; and

*(watermark: FINAL NOTICE)*

**NOW, THEREFORE,** pursuant to CPLR Section 5223 and Section 5224, we command you to appear and attend before Recovery of Judgment at 39 West 29th Street, Suite 612, New York, New York 10001 on **December 26, 2016 at 10:00AM** and at any recessed or adjourned dated for the talking of deposition under oath upon oral or written questions on all matters relevant to the satisfaction of the judgment;

**AND WE FURTHER COMMAND YOU,** to produce for examination at the time and place indicated above certain books, papers, and records, to wit:

1. Statements for bank accounts (IRA, Checking, Savings, certificates of deposit) debtor has maintained in the past five (5) years.
2. Any financial statements for the past five years for Debtor.
3. All federal and state tax returns for the past five years for Debtor.
4. Any and all deed(s) for real property owned by Debtor.
5. Certificates of title and/or registration for motor vehicles owned and/or used by for Debtor.
6. Statements for stock and broker accounts owned by Debtor.
7. Statements for money market accounts owned by for Debtor.
8. Life insurance policies (carrier and policy number) in which Debtor is an insured or beneficiary.
9. Any securities, bonds, notes, mortgages owned by or for Debtor.
10. Any stocks, options and commodity contracts owned by or for Debtor.
11. Any broker martin accounts (broker and credit balances) maintained by or for Debtor.
12. Any loans by Debtor.

13. Any account receivables owned to Debtor.

14. Any business owned by Debtor.

15. Any cash surrender value of life insurance policies owned by Debtor.

16. Any vehicles (auto, boat, plane, truck, campers, etc.) owned by Debtor.

17. Any real estate (include all types of interests such as leaseholds, life estates, etc. at market value owned by Debtor.

18. Any vested interests in trusts (pension, profit sharing, legacies, deferred compensation and others, principal amount) owned by Debtor.

19. Any contingent interest (stock options, interests, subject to life estates, prospective inheritances, description and basis of valuation, date of vesting) owned by Debtor.

20. Any household furnishings (List of residence at market value) owned by Debtor.

21. Any jewelry, art, antiques, precious objects, gold and precious metals – (total market value) owned by Debtor.

22. Any other assets (tax shelters, investments, collections, hobbies, judgments, cause of actions, patents, trademarks, copyrights, and any other assets not hereinabove itemized at market value) owned by Debtor.

23. All credit card statements for credit cards in the name of Debtor.

24. All statements for utilities gas, electric, water, cable, heat) for Debtor.

25. Any documents related to any ongoing proceeding in court wherein judgment debtors stand to realize a potential financial gain.

26. Any and all other books, papers, or records in your possession or control which have or may contain information concerning the property, indebtedness, income, or other means of the judgment debtor for satisfying the judgment.

**TAKE NOTICE** that false swearing on such examination or failure to comply with this subpoena is punishable as a contempt of court.

**RESTRAINING NOTICE: TAKE NOTICE** that pursuant to Section 5222(b) of the Civil Practice Law and Rules, which set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment, transfer, or interference with any property in which you have interest, except upon direction of the sheriff or pursuant to an order of the court until the aforesaid judgment is satisfied or vacated. Disobedience of this Restraining Notice is punishable as a contempt of court.

**Section 5222(b).** Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest specified property in the

possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

Dated: New York, New York
December 10, 2016

_____
Joseph Nierman, Esq.
*Attorney for Judgment Creditor*
RECOVERY OF JUDGMENT
39 West 29th Street, Suite 612
New York, New York 1001
(P) (646) 863-9783
(F) (646) 810-5781