UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Shaul Levy,

                  Plaintiff,

Law Offices of J. Henry Nierman;
J. Henry Nierman; and
Recovery of Judgment LLC

                  Defendants.

17-cv-4022 (NSR)

---

### DECLARATION OF DANIEL SCHLANGER
### IN SUPPORT OF DEFAULT JUDGMENT

DANIEL SCHLANGER, an attorney duly licensed to practice law in the State of New York and admitted to practice in this Court, does hereby affirm under the penalty of perjury:

1. I am a partner at Kakalec & Schlanger, LLP, counsel for Plaintiff and, as such, am familiar with the facts and documents relevant to this dispute.

2. I make this Declaration in support of Plaintiff Shaul Levy's application pursuant to Fed. R. Civ. P. 55(a) for entry of a default judgment against Defendants Law Offices of J. Henry Nierman, J. Henry Nierman, and Recovery of Judgment LLC ("Recovery," and with Law Offices of J. Henry Nierman and J. Henry Nierman, collectively "Defendants"), for failure to plead or otherwise defend the above captioned action.

### PROCEDURAL HISTORY

3. Plaintiffs bring the instant action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and New York General Business Law ("GBL") § 349.

4. All three defendants in this action have been duly served with Summonses and the Complaint as follows:

1

5.      The Summons and Complaint were personally served on defendants J. Henry Nierman and Law Offices of J. Henry Nierman on July 12, 2017 and Defendants J. Henry Nierman and Law Offices of J. Henry Nierman did not answer or otherwise move with respect to the Complaint.  The affidavits of service are attached hereto as **Exhibits A** and **B**, respectively, and they were publicly docketed, *see* Dkt. Nos. 15-16.

6.      The Summons Complaint were served on the authorized agent for Defendant Recovery of Judgment LLC on July 7, 2017, *see* Dkt. No. 17 (Affidavit of Service).  Recovery of Judgement LLC was served pursuant to New York Limited Liability Company Law § 303, which provides that "[s]ervice of process on the secretary of state as agent of a domestic limited liability company . . . . shall be made by personally delivering to and leaving with the secretary of state or his or her deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany."

7.      As attested to by the affidavit of service attached hereto as **Exhibit C**, such service was accomplished on July 7, 2017.  Recovery of Judgment LLC did not answer or otherwise move with respect to the instant Complaint.

8.      All three defendants are now in default.[1]  Accordingly, for the reasons set forth below, Plaintiff respectfully requests that this Court issue a judgment for Plaintiff in the amount of $13,718.64, including statutory damages and attorneys' fees and costs.

9.      The nature of this action, the allegations, claims and the relevant case law is set forth in Plaintiff's contemporaneously submitted memorandum of law.

---

[1] The Certificate of Default as to Defendants Law Offices of J. Henry Nierman, J. Henry Nierman and Recovery of Judgment LLC are attached hereto as **Exhibits D, E,** and **F**, respectively.  These certificates of default are also docketed and entries Nos. 20-22.  Pursuant to this Court's Individual Practices, all pleadings in this action – consisting entirely of the Complaint and the exhibits attached thereto (Dkt. No. 1) – are attached hereto as **Exhibit G.**

10.   Mr. Levy incurred actual damages consisting of $3.000 in fees he paid for legal services from the undersigned's law firm to defend against what turned out to be a non-existent judgment arising out of a non-existent action.  **Exhibit J** (Flat Fee Retainer Agreement dated 12/20/2017) and **Exhibit K** (Proof of Payment).

11.   A chart reflecting my firm's contemporaneous time records in connection with this action is attached hereto as **Exhibit H**.  The attached time does not include time spent prior to this litigation researching the collection defense issues underlying the action, researching the non-existent judgment and corresponding with the Defendant regarding his collection attempt. This work was covered by Mr. Levy's collection defense retainer with our firm, reimbursement for which constitutes his actual damages request herein.  Attached hereto as **Exhibit I** is a statement of costs expended pursuing this action, including the filing fee and payment to the process servers.

12.   Based on these contemporaneous records, Plaintiff seeks reasonable attorneys' fees and costs in the amount of $9,718.64.

13.   My qualifications and my firm's and my colleagues' experience are discussed in detail below.

### *Plaintiffs' Counsel's Qualifications*

14.   Because Plaintiff is entitled to reasonable attorney's fees and costs under several of his causes of action, my qualifications are set forth herein:

15.   I am a 2004 graduate of Harvard Law School, *cum laude*.

16.   Following law school, I clerked for one year on the United States Court of Appeals 11th Circuit for the Honorable R. Lanier Anderson, III.

17. From mid-2006 through mid- 2007, I worked as a staff attorney at the Legal Aid Society of Cleveland where I was a member of the Consumer Protection practice group.

18. I joined Kakalec & Schlanger's predecessor firm, Schlanger & Schlanger, LLP, as a partner in August, 2007.

19. For the past decade, my practice has focused virtually exclusively on representation of consumers pursuant to federal and state consumer protection statutes.

20. The large majority of these litigations have involved affirmative individual or class action claims brought in federal court.

21. Attached as **Exhibit P** is a description of many of the consumer cases I have litigated, including roughly 70 individual and class action cases.. In the course of granting motions for class certification, Courts have recognized my expertise in representing consumers. *See, e.g.,In re Midland Funding LLC Interest Rate Litigation,* 2015 U.S. App. 8483, 786 F.3d 246 (2d Cir. 2015); 2017 U.S. Dist. LEXIS 27109 *157 (S.D.N.Y. Feb. 27, 2017) (Indeed Mr. Schlanger and [his co-counsel in that matter] have extensive experience representing consumers in connection with federal and state consumer protection statutes, including the FDCPA).

22. I am a member in good standing of the bar of the state of New York and of the U.S. District Courts for the Southern, Northern, and Eastern Districts of New York, as well as the U.S. Court of Appeals, Second Circuit.

23. I am a former member of the New York City Bar Association Professional Responsibility Committee, serving from 2009-2010.

24. From 2010 to Fall, 2013, I served on the New York City Bar's Civil Court Committee.

25.    From Fall 2013 to Spring 2015, I served on the New York City Bar's Consumer Affairs Committee.

26.    I am a member of the National Association of Consumer Advocates, and served from 2010 through 2012, and from Spring 2015 to Summer 2016 on that organization's Education/Professional Development Committee.

27.    I currently serve on the National Association of Consumer Advocates Issues Committee (which is responsible for that organization's amicus participation in appellate cases across the country).

28.    My current, regularly charged hourly rate is $420/hour.  This has been my rate since January 1, 2017.

29.    Attached hereto as **Exhibit O** are multiple fee for service retainer agreements, including several from this year and several from prior years.

30.    In May 2014, I was approved at my requested rate of $375 per hour in *Moy v. Eltman, Eltman & Cooper, P.C.*, 12-cv-2382, (E.D.N.Y., Order dated May 27, 2014).

31.    In 2014, I was also approved at my rate of $375 per hour in *In re Porsche Cars North America, Inc., Plastic Coolant Tubes Products Liability Litigation*, 11-MD-2233 (Consolidated in S.D. Ohio).

32.    The attached retainers from this year demonstrate that paying clients pay my requested and current rate of $420-$450.

33.    The retainers from several years ago show slightly lower rates and demonstrate that my rate for fee for service matters has steadily increased over time.

34.    In September, 2013, I was approved for work performed in 2011, and through August 31, 2012 at $340/hr. and from September 1, 2012 through July 2013 at a rate of

$350/hour in *De La Paz v. Rubin & Rothman, LLC*, 2013 U.S. Dist. LEXIS 168281 (S.D.N.Y.

Sept. 20, 2013), adopted at 2013 U.S. Dist. LEXIS 168093 (S.D.N.Y., Nov. 25, 2013).

35.    I was also approved at these rates in *Tito v. Rubin & Rothman, LLC,* 2014 U.S.

Dist. LEXIS 35553, 8-9 (E.D.N.Y. Mar. 18, 2014).

36.    In September of 2011, I was approved for work performed in 2011, at a rate of

$300/hour in *Healy v. Enterprise Recovery Systems*, 11-CV-3295 (S.D.N.Y. 2011) (White

Plains).

37.     I was also approved for work performed in 2010 and 2011, at a rate of $300/hour

in *Hernandez v. Eltman, Eltman & Cooper, et al.*, SACV 10-01695 AG (RNBx) (C.D.Ca. 2011).

38.    In *Douyon v. NY Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 347, 2014 U.S.

Dist. LEXIS 142671, *42 (E.D.N.Y. 2014), I was awarded a rate of $325 per hour for work

performed from 2011 through summer 2014.[2]

39.    I was assisted in this matter by Miriam Greenman and Alan Frazin, paralegals at

my firm, as well as Evan S. Rothfarb, a senior associate at my firm and  Benjamin Silverman, a

former senior associate of our firm who now works with the firm on an of counsel basis.   Their

respective resumes are attached hereto as **Exhibit L, M** and **N**.

40.    Mr. Silverman is a 2010 graduate of NYU School of Law and has been a federal

practitioner for seven years.

41.    Mr. Rothfarb is a 2005 graduate of Cornell Law School and has been a federal

practitioner for over 10 years.

---

[2] I was awarded fees at a rate of $300/hour in *Mason v. Midland Credit Management*, 12-cv-4861 (S.D.N.Y. Order dated November 13, 2013) *(ECF Doc. 32)*.  As noted above, Courts in both the E.D.N.Y. and S.D.N.Y. have repeatedly awarded me higher rates for work done from 2012 forward.

## CONCLUSION

42.     For the foregoing reasons, Plaintiffs respectfully request that judgment by way of default be entered against Defendant Enterprise in the amount of $13,718.64, reflecting statutory damages and reasonably incurred attorney's fees and costs.

January 2, 2018

Respectfully Submitted,


_s/ Daniel A. Schlanger_
Daniel A. Schlanger, Esq.
Kakalec & Schlanger, LLP
85 Broad Street, 18th Floor
New York, New York 10004
Tel:  212-500-6114
Fax:  646-612-7996
dschlanger@kakalec-schlanger.com