# LAW OFFICES OF J. HENRY NIERMAN
### 157 Mineral Spring Avenue
### Passaic, NJ 07055
### (516) 523-3803

MEMO ENDORSED

May 11, 2018

**VIA FACSIMILE: (914)390-4179**
Hon. Nelson Roman
United States District Court
Southern District Of New York
300 Quarropas Street
White Plains, NY

> Defendants are Granted an extension until May 16, 2018 to submit and file their paperwork. No further extensions.
> Dated: May 14, 2018
> SO ORDERED
> HON. NELSON S. ROMAN
> UNITED STATES DISTRICT JUDGE

Re: Levy v. Law Offices Of J. Henry Nierman
Case #: 17-cv-4022 (NSR)
Request for Deadline For Filing

Dear J. Roman,

On or about April 20, 2018, the parties in the above referenced matter appeared in Court on the return date for the Plaintiff's motion for default judgment. While I have practiced law in State Court for nearly two decades, my experience with Federal Court has been exceedingly limited. It was the first time that I was required to appear in Federal Court as a named defendant. Regrettably, I was very flustered by the situation. On the handful of occasions where I have represented clients in Federal Court, I always commenced with a request to be admitted *pro hac vice* which the Court has granted *sua sponte*. Being in that uncomfortable situation when the Court asked me who would represent Recovery Of Judgment I volunteered for that role. While Recovery of Judgment sold all of its assets to a third-party, including the benefits of the underlying judgment against Levy, ownership of the company itself never transferred from my name so I retained authority to make that decision. Unfortunately, I neglected to state the need for me to make a *pro hac vice* application. I apologize to the Court for that omission.

During our appearance, the Court granted the Defendants until May 4, 2018 to file opposition and a cross-motion for an extension of their time to answer. The Court further urged the parties to try and reach settlement. I was confident that settlement could be reached and there would be no further need to waste any additional Court time.

As I left the Courthouse I spoke to adverse counsel about settlement. I do not wish to risk running further afoul of proper procedure by detailing our settlement discussions. I will only provide as little information as necessary to support the objective of this correspondence. Suffice it to say that Mr. Rothfarb rebuffed my initial offer and questioned the validity of the underlying judgment.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/14/2018
```

Copies mailed/faxed 5/14/2018
Chambers of Nelson S. Roman, U.S.D.J.

Thereafter, I did research and discovered that the underlying judgment which Recovery Of Judgment sought to execute by sending the subpoena to Levy, was entered in Housing Court "Pursuant To Stipulation". The nature of the entry of judgment, indicated that the judgment was not merely valid, but a rather formidable instrument whose present value, including statutory interest, exceeded $15,000.00.

Based on this revelation, on or about May 2, I emailed a formal offer of settlement to Plaintiff's counsel and forwarded a copy of the judgment. I was very confident we would reach a healthy resolution through settlement. Adverse counsel informed me that they would need additional time to consider my proposal. I reminded Plaintiff's counsel of my May 4 deadline. The Plaintiff responded that they would grant the Defendants a one-week extension to submit their papers and urged me to file a notice of appearance.

Despite repeated efforts to reach adverse counsel by telephone to conduct settlement talks, they have never returned any of my calls. All of their communication has been via email.

On May 8 and 9 I tried reaching adverse counsel by telephone with no success. On May 9, I emailed adverse counsel and expressed my frustration with their inability to respond to my offer for six days. I further expressed that part of the Defendants' motivation for issuing its generous offer was to avoid the need for engaging in further unnecessary legal work.

I received no formal response until after business hours on May 10, the day before our agreed upon deadline would expire. At that time, adverse counsel made a counter offer demanding a value from the Defendants that surprised me. It reflected their perspective that the Judgment against Levy has virtually no value whatsoever. The value to the Defendants of what the Plaintiff demanded, was far in excess of what the Plaintiff would have been awarded had the Defendants simply defaulted on the motion to dismiss.

Since receipt of that email, I have been scrambling to complete papers while trying to secure counsel to stand in as representative for the corporate Defendant(s). Today I retained Barry Schneps to serve in that capacity and I assured him that I would do an overwhelming percentage of the work. Mr. Schneps is a family friend who has spent decades practicing immigration law. He is an exceptional immigration attorney who should serve properly to meet the requirements that corporate Defendants be represented by counsel. However, given that the vast majority of his work has been in immigration, he too is operating out of his normal terrain. Unfortunately, Mr. Schneps has had difficulty with his login access and has been unable to file a notice of appearance. I am hoping that is remedied soon. Furthermore, preparation of my papers has taken longer than anticipated. I am accustomed to doing my utmost to ensure that papers are presented professionally. However, I am unaccustomed to Federal Court. Working frantically at the eleventh hour in a setting that I am unaccustomed to has been unusually stressful and time consuming.

Today, I called the Court and spoke with the Court Deputy. Based upon that conversation, I am sending the instant letter.

In the interest of justice, I respectfully plead for the Court to forgive my delays and procedural transgressions. They result from hopeful expectations of settlement and inexperience in this forum rather than improper intent. <u>I further urge the Court to grant the Defendants until May 16, 2018 to submit their papers.</u> I apologize for any inconvenience that I have caused the Court and I assure the Court that I intend to be as diligent as possible in maintaining proper procedure as I continue in this action on a *pro se* basis. Thank you for your courtesy.

Very truly yours,

Joseph Nierman

# Law Office J Henry Nierman

Phone: 5165233903
Fax: 6468105781



| | |
|---|---|
| **To:** Hon. Nelson Roman | **From:** Joseph Nierman, Esq. |
| **Fax:** 9143904179 | **Pages:** 4 |
| **Re:** Levy v ROJ | **Date:** May 14, 2018 |

157 Mineral Spring Avenue, Passaic, NJ 07055

This fax was sent using the Fax.com™ internet fax service. Fax online without a fax machine. Try it now for free at Fax.com/free.