USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/16/18

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

SHAUL LEVY,

                Plaintiff,                              17-cv-4022 (NSR)

        v.

LAW OFFICES OF J. HENRY NIERMAN,

J. HENRY NIERMAN,

RECOVERY OF JUDGMENT, LLC

                Defendants.

-------------------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AND IN SUPPORT OF PLAINTIFFS MOTION TO EXTEND THE DEFENDANTS' TIME TO ANSWER OR IN THE ALTERNATIVE TO OFFSET PLAINTIFF'S CLAIM AGAINST THE UNDERLYING JUDGMENT**


Dated: May 10, 2013

                                                                             Joseph Nierman

                                                                             Acting Pro Se

# **TABLE OF CONTENTS**

I. **PRELIMINARY STATEMENT** ……………………………………... 3
II. **PROCEDURAL HISTORY** ………………………………………….. 3
III. **ARGUMENT** ………………………………………………………….. 3
    A. Plaintiff is not Entitled to Final Judgment on Default Because the Complaint Fails to State A Cause of Action Upon Which Relief Can Be Granted. 3
    B. The Purported GBL Violations Were Based Upon the Plaintiff's Intentionally Inaccurate Assertion That The Judgment Did Not Exist. 6
IV. **CONCLUSION**…………………………………………………………6

# TABLE OF AUTHORITIES

Cases

*Annis v. E. Asset Mgmt.*, LLC No.8-CV458S, 2010US. Dist LEXIS 25538 (W.D.N.Y. Mar, 16 2010)  6

*Arias v Gutman, Mintz Baker & Sonnenfeldt, LLP*, 875 F.3d 128 (2d Cir. 2017)  5

*Coble v. Cohen & Slamowitz LLP*, 824 F.Supp.2d 568 (S.D.NY. 2011)  5

*Polanco v. NCO Portfolio Mgmt.,* 930 F.Supp 2d 547 (S.D.N.Y. 2013)  5

Statutes

15 U.S.C. §1692(e)  4

GBL §349  6

## I. PRELIMINARY STATEMENT

Defendants submit this memorandum of law in opposition to the Plaintiff's motion for entry of judgment on Default and in support of Defendants' motion to grant the Defendants an extension to answer the Complaint

## II. BACKGROUND

The background is set forth in the Declaration of Joseph Nierman filed contemporaneously herewith.

## III. ARGUMENT

**A.** Plaintiff fails to set forth a cause of action upon which relief can be granted.

The Defendants were attempting to collect a judgment that the Plaintiff had consented to by Stipulation. Looking at the facts in the light most favorable to the Plaintiff, the Defendant sent the Plaintiff a cover letter to a subpoena that had an improper date.

Given the defects in service of the Letter by mail and an improper date, the subpoena was unenforceable. The most logical step for Levy to have taken was to do nothing at all. The Defendants could never enforce the subpoena due to its deficiencies. In the alternative, the Plaintiff could have moved to quash the subpoena.

The FDCPA was not created to remedy the purported damages flowing from the clerical errors found in a cover letter to a post judgment subpoena.

The stated objective of the FDCPA "is to eliminate the abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses". 15 U.S.C. §1692(e)

The Plaintiff has failed to cite a single case where the FDCPA was used to remedy purported damages flowing from one badly mailed post-judgment letter attached to a subpoena. No such case exists, because the FDCPA was not designed to provide judgment debtors with an opportunity to punish judgment creditors who act properly. Indeed, the relief sought by the Plaintiff herein, if granted, would be in direct opposition to the stated purpose of the FDCPA by punishing debt collectors who do their best to "refrain from abusive debt collection" such as the Defendants in the case at bar.

The Plaintiff uses four cases to support his contention that the FDCPA should apply here. However, each of the cases cited by the Plaintiff involve debt collectors whose egregious conduct grossly outweighed the one-time error committed by the Defendants herein.

In *Arias v Gutman, Mintz Baker & Sonnenfeldt, LLP*, 875 F.3d 128 (2d Cir. 2017) the Defendant collected social security funds, was shown proof that the funds were expressly excluded garnishable funds, refused to return the funds and even litigated to stop the Plaintiff from recovering the exempt funds despite having no basis to believe that they had a right to the exempt funds. Every judgment collector knows that seizing social security funds is *verboten*. The Court properly reasoned that the Defendants unconscionably aggressive stance in retaining funds that they knew they never had any legal right to retain warranted imposition of FDCPA punishment was classified as "abusive". That is in no manner comparable to the wrong date on a letter which, had the debtor taken no action, would have resulted in absolutely no harm resulting to him or his assets.

In *Coble v. Cohen & Slamowitz LLP*, 824 F.Supp.2d 568 (S.D.NY. 2011) the Defendants knew that the judgments they were attempting to collect were default judgments that were obtained by falsified affidavits of service purporting to have been served by "nail and mail" when no service had actually taken place. The Defendants were punished by the Court for post-judgment litigation of patently empty judgments. The Court was properly following the objective of the FDCPA because the Defendants were intentionally harassing debtors about debts they knew did not exist. The Defendants were defending a class action suit because they had taken similar steps with a great many consumers. There could be little better example of patently abusive debt collection behavior.

Unlike the *Coble* case, this was a properly entered judgment that the defendant accepted via Stipulation. The Defendants in the case at bar were trying to engage in proper execution of a valid judgment and due to a clerical error chose the wrong date.

*Polanco v. NCO Portfolio Mgmt.*, 930 F.Supp 2d 547 (S.D.N.Y. 2013) involved a Defendant who garnished funds by relying on a judgment that the Court had previously ruled was obtained by fraud. That case bears no similarity to the case at bar where there was a valid judgment entered with Plaintiff's consent and no assets were ever seized.

In *Annis v. E. Asset Mgmt.*, LLC No.8-CV458S, 2010US. Dist LEXIS 25538 (W.D.N.Y. Mar, 16 2010) the Defendants harassed the Plaintiff by calling the Plaintiffs every day for four months. This is precisely the type of harassment that the FDCPA was designed to prevent. The rationale used to find in favor of the Plaintiff in Annis, has no comparison to the case at bar where the Defendants sent one letter.

Each of the defendants in the above referenced cases either knowingly seized/retained assets that they knew they had no rights to attach and/or repeatedly harassed and bothered Defendants in a manner that any reasonable person would deem abusive. By stark contrast, it is difficult to imagine that one letter received by the Plaintiff herein is the type

of "abusive practice" contemplated by the legislature when they enacted the FDCPA. It is difficult to believe that Congress anticipated that their efforts to shield consumers who were genuinely harassed, would be used as a sword to punish good faith debt collectors who send one letter with clerical errors by striking those debt collectors with a $3,000 fine and legal fees many times greater than the statutory fees.

In light of these facts, the Plaintiff fails to make out a *prima facie* case for his cause of action based upon the FDCPA and the action should be dismissed.

B. <u>The Purported GBL Violations Were Based Upon the Plaintiff's Intentionally Inaccurate Assertion That The Judgment Did Not Exist.</u>

Plaintiff properly admits that three elements are necessary to support a claim based on GBL §349. None of these elements are present in the case at bar.

The Defendants did not routinely send out subpoenas to judgment debtors so the first element does not exist.

The Letter was not deceptive or misleading. The Plaintiff alleges that the defendants attempted to collect a non-existent judgment which, admittedly, would be materially deceptive and misleading. However, the existence of the judgment that was entered by Stipulation validates the objective of the letter as completely truthful and not at all misleading or deceptive.

Finally, the Plaintiff did not need to sustain any injury whatsoever. Plaintiff's counsel, in support of their claim for unusually high attorney fees, spends a great deal of effort detailing their vast expertise. A lawyer of far less expertise than Plaintiff's counsel professes could have told the Plaintiff that the subpoena was unenforceable due to its deficiencies. Unless the Plaintiff and/or his counsel was specifically trying to incur damages in the form of legal fees, there was no benefit to retaining counsel.

In light of these facts, the Plaintiff fails to make out a *prima facie* case for his cause of action based upon GBL §349 and the action should be dismissed.

## CONCLUSION

Plaintiff's motion should be denied and the Defendants should be granted an extension of time to answer the Complaint.

Joseph Nierman, Acting Pro Se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SHAUL LEVY,

                Plaintiff                              17-cv-4022 (NSR)

       v.                                          AFFIDAVIT OF SERVICE

LAW OFFICES OF J. HENRY NIERMAN

J. HENRY NIERMAN

RECOVERY OF JUDGMENT, LLC

                Defendants.
-------------------------------------------------------X

State of: New Jersey

                SS:

County of: Passaic

I, JOSEPH NIERMAN, being duly sworn, depose and says: that I am the Defendant herein and served a copy of the following document(s): Notice of Motion to grant the Defendants an extension of time to move to dismiss and/or answer the Complaint on behalf of Recovery of Judgment, LLC and Law Offices Of J. Henry Nierman, Declaration of Joseph Nierman and Memorandum of Law on Daniel A. Schlanger, Esq. at Kakalec & Schlanger, LLP, 85 Broad Street, 18th Floor, New Yor, NY 10004 by mailing and depositing a true and correct copy of said document(s) in a mailbox located at: 158 main Street, Passaic, NJ on the following date: May 16, 2018 .

I declare under penalty of perjury that the foregoing is true and correct.

DATED: May 16, 2018

                                                                   Joseph Nierman

Sworn to before me this 16th day of May, 2018

_Pat Schwabe - Notary_
Notary Public