# LAW OFFICES OF J. HENRY NIERMAN
### 157 Mineral Spring Avenue
### Passaic, NJ 07055
### (516) 523-3803

June 14, 2018

**VIA FACSIMILE: (914)390-4179**
Hon. Nelson Roman
United States District Court
Southern District Of New York
300 Quarropas Street
White Plains, NY

        Re:    Levy v. Law Offices Of J. Henry Nierman
                Case #: 17-cv-4022 (NSR)
                Plaintiff's Request that the Defendants Concede
                To an Extension of Plaintiff's Time to File Opposition
                And Defendants' Offer to Withdraw their Motion

Dear J. Roman,

On or about June 7, the Plaintiff wrote to the Defendants requesting an extension of time to oppose the Defendants' pending motion. As a general rule, the Defendants and their counsel seek to accommodate adverse counsel in such matters.

The only reason for The Defendants' pause in readily acceding to The Plaintiff's request for an extension of time, is that the Defendants have concerns about the motivations of the Plaintiff.

As the Court noted, the Plaintiff could easily have ignored the initial correspondence from the Defendants initial letter and subpoena (the "Letter") without any repercussion. The Plaintiff was well aware that there would be no repercussion by ignoring the Letter. Indeed, the opening sentence in the responsive letter from adverse counsel, he flatly declared the subpoena void and a nullity.

Most people would have stopped there. Instead the Plaintiff has literally made a Federal case over something that he and his counsel knew was inconsequential.

The only motivation that the Defendants can ascribe to the Plaintiff's conduct is to try and incur as much legal fees as possible and then try to extract those fees from the Defendants. The Defendants feel as if this is an attempt to punish them for their lawful, although arguably flawed, attempts to execute the judgment that Recovery Of Judgment, LLC holds against the Plaintiff. The Defendants draw this conclusion based upon the multitude of unnecessary steps that the Plaintiff has taken since the day he received the Letter. The Plaintiff could have: i) consulted counsel and learned that the Letter/subpoena was void and taken no further steps after an initial

consultation, including not retaining counsel; ii) written to the Defendants himself and stated that he consulted counsel who informed him that the Letter was void and a nullity and done nothing further; iii) retained counsel for the limited scope of writing an initial response to the Defendants' Letter; iv) personally demanded a reduction in the underlying judgment (the "Judgment") in the maximum amount of the FDCPA violation of $3,000.00 for their purported FDCPA violation; v) informed his counsel that the Judgment was valid and in which Court it was entered so that counsel would not have to waste time researching the validity of the Judgment or where it was entered; vi) informed his counsel that the Judgment was valid and thus no legal fees should be wasted asserting a completely baseless claim alleging "deceptive practices" and purported NY General Obligations Law violations; vii) consented to the Defendants' request for an extension of time to file an answer to the Complaint rather than require additional Court appearances; viii) made a good faith offer to resolve the matter after the Court urged settlement at the first return date for the Plaintiff's motion; ix) made a good faith offer to resolve the matter after being presented with a copy of the Judgment and/or x) consented to the Defendants' motion after seeing that it met all the required legal elements.

Rather than looking to save time or money, in every possible scenario, the Plaintiff has chosen the most litigious route available to him.

While the maximum obtainable assessment in favor of the Plaintiff is $3,000.00, the assessments labeled "reasonable legal fees" are theoretically unlimited. In the Plaintiff's pending motion, Plaintiff's counsel spares no detail about their admittedly impressive resumes as they extol their own expertise for the Court. The Plaintiff purportedly managed to accrue in excess of ten thousand dollars in legal fees before the Defendants made an appearance in this action. The Defendants were somewhat flabbergasted as to how many legal hours it allegedly took the Plaintiff to create a generic complaint and default motion that would seem to be mundane items for attorneys with far less skill than that possessed by adverse counsel.

Doubtless, the Plaintiff views that bill as the tip of the iceberg that he will succeed in levying against the Defendants. Given the proclivity of the Plaintiff to find every litigious avenue possible, the Defendants admit to being gravely concerned about how many hours Plaintiff's counsel will seek to invest in recovering a $3,000.00 claim on behalf of their client if this case reaches trial.

In summary, the Defendants have absolutely no qualms with consenting to any extension of time that the Plaintiff requires to present his opposition. However, the Defendants urge the Court not to allow for any additional legal fees that the Plaintiff incurs as a result of this concession.

Alternatively, given the fact that at our most recent appearance, the Plaintiff admitted, for the first time ever, that the underlying Judgment is valid, the Defendants are willing to save the Court and all parties a great deal of time and effort.

The underlying Judgment of $8,740.00 has been accruing interest at a statutory rate of 9 percent since its date of entry on March 19, 2010. Presently, the current balance on the Judgment is $15,224.60. The Plaintiff's motion for default urges the Court to grant judgment in Plaintiff's favor in the amount of $13,718.64. That assessment is based upon the Plaintiff's allegation that

$10,718.64 in legal fees were incurred through their efforts to generate a relatively standard complaint and default motion.  The Defendants believe that there should be no legal fees assessed. Our perspective is that the Plaintiff has been acting unreasonably and by definition, any attorneys' fees are necessarily unreasonable.  Had Plaintiff acted reasonably, there would have been no "reasonable legal fees" at all.

The Defendants are loathe to continue fighting a battle where they are compelled to gamble that they will succeed against an ever burgeoning, limitless, legal bill.  Given that the Plaintiff finally recognizes the validity of the underlying Judgment, if the Court feels that justice would best be expedited by offsetting the Plaintiff's claims against the underlying judgment, with or without the Plaintiff's legal fees of $10,718.64, the Defendants are willing to withdraw their motion and have the underlying Judgment reduced accordingly. In that way, this matter could be resolved without any further fees being incurred by any parties.  This letter shall be filed by the co-defendants to indicate the universal agreement by the Defendants to the matters set forth herein.

We thank the Court for its time and consideration.

                                                               Very truly yours,

                                                               Joseph Nierman