**SCHLANGER LAW GROUP LLP**

June 14, 2018

**VIA ECF**

Hon. Nelson Roman
United States District Court S.D.N.Y.
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      **Re:**      *Levy v. Law Offices of J. Henry Nierman, et al.*
      **Index:**   17-cv-4022 (NSR) (JCM)

Your Honor:

      We represent Plaintiff Shaul Levy in the above-action. We write to briefly respond to Defendant J. Henry Nierman's latest submission to this Court (Docket Entry No. 37). The submission is palpably improper, attempting to mislead the Court concerning the three Defendants' liabilities under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and New York Gen. Bus. Law § 349 and seeking to interject the Court into settlement discussions between the parties by casting unfounded aspersions on Plaintiff's counsel clothed in erroneous legal positions.

      As an initial matter, Mr. Nierman's latest filing brings up further concerns about just whom is being represented in this action and by whom. Mr. Nierman is not an admitted attorney in the Southern District in New York and cannot represent either Defendant Law Offices of J. Henry Nierman or Recovery of Judgment LLC. Moreover, Mr. Nierman is delinquent and not in good standing as an attorney in New York State. Nevertheless, Mr. Nierman's filings with this Court are consistently made on behalf of all Defendants. Furthermore, Mr. Schnepps, the purported counsel for the two entity Defendants, has yet to come to a single Court conference or sign a single filing. Rather, his ECF filer account appears to be used for filings penned by Mr. Nierman. Indeed, it appears thus far that Mr. Schnepps may not be involved in the representation of any of the three Defendants. Instead, there is every indication that Mr. Nierman continues to improperly advocate on behalf of all Defendants.

      This course of representation is entirely improper. *See Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006) (adopting as "correct" the District Court's ruling that it was "well-settled" that a "'corporation may appear in the federal courts only through licensed counsel'" and the District Court's statement that this rule "has been applied to dismiss any action or motion filed by a corporation purporting to act pro se."); *see also Negrin v. Kalina*, 2013 WL 5630681, at *2 (S.D.N.Y. Oct. 15, 2013), *report and recommendation adopted* No. 09 CIV. 6234 LGS, 2013 WL 5925916 (S.D.N.Y. Nov. 5, 2013) ("pro se" LLC's pleadings dismissed as improper).

      Second, Mr. Nierman continues to conflate whether an underlying state court judgment may exist with whether Mr. Nierman, his law office and/or Recovery of Judgment LLC complied with the FDCPA. It is black letter law that the existence of a valid debt does not relieve debt collectors from compliance with the FDCPA. *Sykes v. Mel Harris & Assocs., LLC*, 285 F.R.D. 279, 292 (S.D.N.Y. 2012), *aff'd sub nom. Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70 (2d

**T.** 212.500.6114
**F.** 646.612.7996
erothfarb@consumerprotection.net

**New York City**
9 East 40th Street, Suite 1300
New York, NY 10016

**Upstate New York**
6 Wurts Ave.
New Paltz, NY 12561

Cir. 2015) ("[l]iability under the FDCPA can be established irrespective of whether the presumed debtor owes the debt in question.") (citing *Fedotov v. Peter T. Roach & Assocs., P.C.*, 354 F.Supp.2d 471, 477 (S.D.N.Y.2005) ("[T]he [FDCPA] protects consumers from 'unscrupulous debt collectors, regardless of whether a valid debt actually exists[,]'" quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir.1982))). Thus, even assuming the state court judgment in this case is valid, the allegations regarding Defendants' unlawful post-judgment collection methods would remain viable.[1]

Furthermore, there are three defendants in this matter. Two of them, Mr. Nierman and Defendant Law Offices of J. Henry Nierman, do not allege to be judgment creditors or assignees of judgment creditors. As to those two defendants, Mr. Nierman's position is entirely non-sensical as they cannot plausibly allege any entitlement to a set off. *See Modern Settings, Inc. v. Prudential-Bache Sec., Inc.*, 936 F.2d 640, 648 (2d Cir. 1991) ("The equitable remedy of set-off is unavailable where the claims do not involve mutual debts and credits.")

---

[1] See, e.g., Complaint (ECF 1) at ¶¶ 31-39, i.e. regardless of whether a valid judgment exists:

> 31. The subpoena and accompanying letter are flagrantly unlawful and in gross violation of New York law and the FDCPA.
> 32. The subpoena and accompanying letter and were sent to Mr. Levy in Florida, whereas the purported default judgment in question is listed as having been taken in New York.
> 33. Such out-of-state post-judgment subpoenas are void under New York law which has no provision for service of a subpoena upon a judgment debtor without the state. *See, e.g. Siemens & Halske, GmbH v. Gres*, 324 N.Y.S.2d 639, 640 (1st Dep't 1971) (voiding a post-judgment subpoena and holding that "[w]hile . . . a summons may be served outside the State, there is no such provision for a subpoena."); *Israel Discount Bank, Ltd. v P. S. Products Corp.*, 65 Misc 2d 1002, 1004, 319 N.Y.S.2d 554 (NY Sup. Ct. 1991) ("service of the subpoena upon judgment debtor without the State is void"); *Alfred E. Mann Living Trust v ETIRC Aviation S.a.r.L*, 35 Misc. 3d 1228(A), (N.Y. Sup. Ct. 2009).
> 34. Even were this not so, the subpoena is a nullity because it was required to be served "in the same manner as a summons" (CPLR §2303), whereas Defendants' letter and "subpoena" were sent via regular mail.
> 35. Regular mail would not be valid service with regard to a summons and is therefore not valid service with regard to the subpoena.
> 36. The subpoena is also improper because it is required to set forth a deposition date that falls during regular business hours, whereas the subpoena calls for the deposition to occur on December 26, 2016, which was a Court (and national) holiday and therefore does not qualify. CPLR §5224(c).
> 37. Moreover, the subpoena was not timely as it was mailed, at earliest on December 13, 2016 and did not arrive until less than 10 days before the supposed deposition date CPLR §5224.
> 38. The subpoena also lacks the statutorily required language set forth in 22 NYCRR §208.39.
> 39. Because the subpoena was unlawful, the cover letter, which was also labelled "FINAL NOTICE" and suggested that Mr. Levy could face "fines and/or imprisonment" should he fail to reply, was also unlawful.

Each of these defects, alone and taken together, violates the FDCPA and GBL § 349. *See, e.g.,* Complaint at 51(b) through (e) and 55.

Even with regard to the third Defendant, Defendant Recovery of Judgment LLC, the argument fails. As the Court is already aware, Recovery of Judgment LLC is not the original judgment creditor. Nor did it even purport to be the judgment creditor in any of the collection communications sent to Mr. Levy prior to this litigation. Rather, Mr. Nierman (who is not counsel to Recovery of Judgment) claimed at the most recent court conference that it is an assignee. Recovery of Judgment LLC has never produced any documentation regarding assignment of judgment and there is no claim or indication that it filed a notice of assignment of judgment pursuant to the CPLR in the state court action.

But even assuming all of those problems away (and even if the Court allows Mr. Nierman to improperly continue to assert arguments on behalf of Recovery of Judgment LLC), Mr. Nierman's argument on Recovery of Judgment LLC's behalf is incorrect.

First, to the extent Recovery of Judgment has a state law right to set off that it seeks to formally assert in this action (which it has not sought to do at this juncture), this gambit is preempted by the FDCPA. Specifically, allowing defendants in FDCPA actions accused of post-judgment collection violations to take assignment of the purported judgments on which they were collecting and assert those judgments as a means of set off "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," which was "to protect vulnerable and unsophisticated debtors from abuse, harassment, and deceptive debt collection practices." *Arellano v. Clark Cty. Collection Serv., LLC*, 875 F.3d 1213, 1216–17 (9th Cir. 2017) (holding that allowing debt collector to execute on debtor's personal property, including the FDCPA claim asserted against it was preempted, noting that "the Act does not "authorize the bringing of legal actions by debt collectors.").

Moreover, Plaintiff's requested default judgement consisted of $4,000 in damages ($1,000 statutory and $3,000 in actual) and $9,718.64 in fees, and costs (said fees and costs having been incurred prior to Mr. Nierman's late-asserted challenge to the entry of the default judgment and his subsequent filings). However, courts examining this question (but not addressing the preemption issue later ruled on in *Arellano*) have consistently held that attorney's fees are not subject to set off. *See Lundsted v. JRV Holdings, LLC*, No. 14-CV-13981, 2016 WL 1665154, at *4 (E.D. Mich. Apr. 27, 2016) (". . . . allowing set off of attorneys' fees would chill future FDCPA actions and discourage attorneys from taking FDCPA cases."); *see also Brown v. Mandarich Law Grp.*, LLP, No. 13-CV-04703-JSC, 2014 WL 2860631, at *5 (N.D. Cal. June 23, 2014) (". . . attorney's fees and Defendant's right to offset arise from wholly independent actions . . . .").

Finally, it is worth noting that while Mr. Nierman continues to pepper the Court with polemical statements regarding accumulation of attorney's fees in this matter, his own conduct, including his failure to respond to modest pre-litigation demands, his failure to answer, and his more recent submissions asserting a variety of meritless legal contentions on behalf of himself and other parties he may represent in the forum are what continue to drive the proceedings. *Compare Douyon v. NY Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 341–42 (E.D.N.Y. 2014), *judgment entered sub nom. Douyon v. N.Y. Med. Health Care, P.C.*, No. CV 10-3983 AKT, 2015 WL 5821499 (E.D.N.Y. Sept. 30, 2015) (noting that Defendant's disregard of applicable rules, decision not to settle and other litigation decisions had driven up Plaintiff's fees and noting that "[i]t is well-settled that parties "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by [its adversary] in response.") (quotations and citations omitted).

      With regard to Defendants' various other statements regarding the merits of the action, attorneys' fees, etc., they will be addressed in Plaintiff's opposition to Defendants' motion to vacate their default.

                            Respectfully,

                            */s/Evan S. Rothfarb*

                            Evan S. Rothfarb

cc: all counsel of record