**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SHAUL LEVY,

                              *Plaintiff,*

            v.

LAW OFFICES OF J. HENRY NIERMAN;
J. HENRY NIERMAN; and
RECOVERY OF JUDGMENT LLC,

                              *Defendants.*

No.: 17-cv-4022 (NSR) (JCM)

**DECLARATION OF EVAN S. ROTHFARB**
**IN SUPPORT OF DEFAULT JUDGMENT**

        EVAN S. ROTHFARB, an attorney duly licensed to practice law in the State of New

York and admitted to practice in this Court, does hereby affirm under the penalty of perjury:

        1.        I am an attorney at Schlanger Law Group LLP, counsel for Plaintiff Shaul Levy,

and, as such, am familiar with the facts and documents relevant to this dispute.

        2.        I make this Supplemental Declaration in further support of Plaintiff's application

pursuant to Fed. R. Civ. P. 55(a) for entry of a default judgment against Defendants Law Offices

of J. Henry Nierman, J. Henry Nierman, and Recovery of Judgment LLC ("collectively

"Defendants"), for failure to plead or otherwise defend the above captioned action and in

opposition to Defendants' motion to vacate their defaults.

**Receipt of Subpoena**

        3.        By letter dated December 10, 2016, post-marked December 13, 2016, and sent by

regular mail, Defendants sent Mr. Levy a letter and purported post-judgment Subpoena Dues

Tecum (which also demanded personal appearance and is therefore ad testificandum).
Complaint, ¶23 and Exhibit A.

4.    The subpoena purports to be issued in relation to a judgment in "Matt Morrison v. Shaul Levy", taken in New York Civil Court, County of New York, with an index number of "056136/2010". Complaint, ¶24.

5.    The subpoena is addressed to Mr. Levy in Florida and "command[s]" Mr. Levy "to appear and attend before Recovery of Judgment at 39 West 29th Street, Suite 612, New York, New York 10001 on December 26, 2016 at 10:00 AM", *i.e.* the day after Christmas, which was a federal holiday. Complaint, ¶25.

6.    The subpoena further "command[s]" Mr. Levy to bring with him comprehensive financial documentation, including "statements for bank accounts . . . debtor has maintained in the past five (5) years", "all federal and state tax returns for the past five years", etc. Complaint, ¶26.

7.    The subpoena also contains a restraining notice stating that Mr. Levy is "forbidden to make or suffer any sale, assignment, transfer, or interference with any property in which [he] ha[s] an interest, except upon direction of the sheriff or pursuant to an order of the court until the aforesaid judgment is satisfied or vacated." Complaint, ¶27 and Exhibit A.

8.    The restraining notice further states that "Disobedience of this Restraining Notice is punishable as a contempt of court." Complaint, ¶28. The subpoena states "FINAL NOTICE" in large letters across each page. Complaint, ¶29.

9.    The accompanying letter is from "Law Offices of J. Henry Nierman" and signed by Mr. Nierman, but lists the address, phone number, website and email shared with Defendant Recovery of Judgment LLC. Complaint, ¶30 and Exhibit B (emphasis in original). It warns that

"failure to comply with a properly issued subpoena entitles the creditor to move the Court to impose sanctions on the debt and request **additional fines and/or imprisonment**."  Complaint, ¶29.

### Pre-Litigation Events

10.    Following Mr. Levy's receipt of the subpoena and accompanying letter, he obtained counsel.

11.    Plaintiff's counsel first issued correspondence addressed to Mr. Nierman, the Law Offices of J. Henry Nierman and Recovery of Judgment LLC concerning the issues raised by the subpoena (and raised in this lawsuit) on December 27, 2016.

12.    This correspondence was sent via e-mail to Mr. Nierman as well as by Certified Mail via the United States Postal Service.

13.    Upon receipt of the correspondence, Mr. Nierman had a telephone conversation with Plaintiff's counsel, Daniel A. Schlanger, and Mr. Nierman agreed to furnish Mr. Schlanger with Mr. Levy's collection file.

14.    However, neither Mr. Nierman, nor any of the other Defendants provided Plaintiff's counsel with Mr. Levy's file or subsequently communicated with Plaintiff's counsel.

15.    After not hearing back from Mr. Nierman, Plaintiff's counsel followed up on the request on January 12, 2017 via e-mail, again to no avail.

16.    After several months elapsed, Plaintiff's counsel again wrote to Mr. Nierman and the Law Offices of J. Henry Nierman concerning this dispute on May 9, 2018 in a letter sent via e-mail and facsimile, offering to resolve the instant case pre-litigation.

17.    However, once again the May 9, 2018 communication was ignored.

18.     Thereafter, Mr. Levy commenced legal proceedings on May 30, 2017 by filing a Complaint with this Court (Docket Entry No. 1).

19.     Copies of a Summons and Complaint were duly served on Recovery of Judgment LLC through the New York Secretary of State on July 7, 2017 (Docket Entry No. 17).

20.     Shortly thereafter, Mr. Nierman and the Law Offices of J. Henry Nierman were each personally served on July 12, 2017 (Docket Entry Nos. 15 and 16).

21.     Defendants filed no Answer, motion or other response and Plaintiff's counsel received no communications from Defendants concerning this lawsuit (at inception).

22.     Mr. Levy submitted a Request to Enter Certificate of Default to the Clerk of Court on September 15, 2017 (Docket Entry No. 19).

23.     The Clerk of Court entered the Default of Defendants on September 22, 2018 (Docket Entry Nos. 20-22).

24.     Plaintiff moved for an Order to Show Cause seeking default judgment on January 23, 2018 (Docket Entry No. 23).

25.     Subsequently, the Court signed a revised Order to Show Cause for Default Judgment on March 15, 2018 (Docket Entry No. 27).

26.     Plaintiff served Defendants with copies of the Order to Show Cause for Default Judgment and supporting papers on March 19, 2018 (Docket Entry No. 30).

27.     Notably, the Order to Show Cause directed that Defendants opposition or answering papers were to be served upon Plaintiff's counsel and filed with the Court by April 13, 2018.  *Id.* at 1.

28.     Nevertheless, Defendants did not file any opposition or otherwise oppose the entry of default judgment until the date of the Show Cause hearing on April 20, 2018.

29.     On April 20, 2018, Mr. Nierman appeared in Court and represented that he was there on behalf of all Defendants (Minute Entry dated April 30, 2018, reflecting April 20, 2018 proceedings).

30.     During the conference, Mr. Nierman was directed by the Court to enter an appearance.

31.     However, Mr. Nierman is not an admitted attorney in the United States District Court for the Southern District of New York and could not enter an appearance for anyone other than himself pro se.

32.     Indeed, at present, Mr. Nierman appears not to be in good standing at all, as his status is listed as "Delinquent" on the New York State attorney status website.  *See* Attorney Detail for Joseph Henry Nierman, available at http://iapps.courts.state.ny.us/attorney/ AttorneyDetails? attorneyId=jSW9BqL4owf8w0Ba2ozYFA%3D%3D (updated as of 7/12/18).

33.     I counsel raised the issue of Mr. Nierman's appearance for the corporate entities with Mr. Nierman.

34.     Attorney Barry Schnepps subsequently appeared for Defendants Law Offices of J. Henry Nierman and Recovery of Judgment LLC by filing a motion for extension of time to file an answer and/or move to dismiss (Docket Entry No. 32).  However, the unsigned motion conspicuously does not contain the signature of Mr. Schnepps.

35.     Furthermore, the supporting Memorandum of Law does not reference Mr. Schnepps and appears it was composed entirely by Mr. Nierman (*See* Docket Entry No. 32-1).

36.     Mr. Nierman, as a defendant pro se, filed his own version of each of the documents filed by Mr. Schnepps (Docket Entry Nos. 33-35).

37.     The Court held a Show Cause hearing/status conference on May 31, 2018 (Minute Entry dated May 30, 2018, reflecting the proceedings).  At that hearing, Mr. Schnepps appeared telephonically due to his claimed sudden illness and uttered nary a word.

38.     Following receipt of correspondence from Mr. Nierman, the Court held a Settlement Conference on June 28, 2018 (Minute Entry dated June 28, 2018, reflecting the proceedings).

39.     At the Settlement Conference, Mr. Schnepps again failed to appear in person and, instead, appeared only telephonically.  Again, he barely spoke a word, speaking only after an admonishment by the Court that he would be required to appear in person for future proceedings.

40.     The Settlement Conference did not result in an agreement and the parties' have reached an impasse.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  July 12, 2018


Evan S. Rothfarb
SCHLANGER LAW GROUP LLP
9 East 40th Street, Suite 1300
New York, NY 10016
T. 212-500-6114
F. 646-612-7996
erothfarb@consumerprotection.net