USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/8/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAUL LEVY,

                    Plaintiff,

-against-

LAW OFFICES OF J. HENRY NIERMAN, J. HENRY NIERMAN, and RECOVERY OF JUDGMENT, LLC,

                    Defendant.

No. 17-cv-4022 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Shaul Levy brings this action against Defendants[1] Law Offices of J. Henry Nierman, J. Henry Nierman, and Recovery of Judgment, LLC. ("Complaint," ECF No. 1.) Plaintiff asserts that Defendants' attempt to collect on a judgment against Plaintiff in another matter violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the New York General Business Law ("NYGBL"), N.Y. Gen. Bus. Law § 349. Presently before the Court are Defendants' motions[2] to extend Defendants' time to file an answer to Plaintiff's Complaint. (ECF Nos. 32 & 33.) Essentially, Defendants seek a vacatur of the Clerk of the Court's entries of default (*see* ECF Nos. 20 – 22) so that they may file answers or move to dismiss Plaintiff's Complaint. For the following reasons, Defendants' motions are GRANTED.

---

[1] Defendants Law Offices of J. Henry Nierman and Recovery of Judgment, LLC are represented by counsel and Defendant J. Henry Nierman proceeds *pro se*.

[2] It appears that *pro se* Defendant J. Henry Nierman and Defendants Law Offices of J. Henry Nierman and Recovery of Judgment, LLC filed separate motions seeking the same result, an extension of time in which to file an answer to Plaintiff's Complaint. The Court will address Defendants' motions together in this Opinion. (*See* ECF Nos. 32 & 33.)

## BACKGROUND

In mid-December 2016, Plaintiff received, at his Florida address, a letter and a post-judgment Subpoena Dues Tecum ("Subpoena"). (Compl. ¶¶ 23, 25.) The Subpoena commanded Plaintiff to "appear and attend" before Defendant Recovery of Judgment, LLC ("ROJ") on December 26, 2016 and was issued in relation to a judgment in a New York case, *Morrison v. Levy*, No. 056136/2010 ("*Morrison* Judgment"). (*Id.* ¶¶ 24 – 25.) Plaintiff alleges that the Subpoena and letter violate the FDCPA and New York law. (*Id.* ¶ 31.) According to Plaintiff, the Subpoena was in fact void and was also improperly served. (*Id.* ¶ 33.) Additionally, the date Plaintiff was given to appear, December 26, 2016, was improper because it was in fact a federal holiday. (*Id.* ¶ 36.) Plaintiff also does "not recognize" the underlying action giving rise to the judgment, and he states that the action "appears not to exist." (*Id.* ¶¶ 40 – 41.) Plaintiff filed his Complaint based on these facts on May 30, 2017. Defendants were served on August 28, 2017. (ECF Nos. 15 – 17.) On September 15, 2017, Plaintiff submitted a request for an entry of default against Defendants, and the Court issued an Order to Show Cause for Default Judgment on March 15, 2018. (ECF Nos. 19 & 27.)

On April 20, 2018, the Court held a show cause hearing on Plaintiff's motion at which the Court ordered defense counsel to file appropriate appearances for each Defendant and required Defendants to file a motion seeking leave to file an answer by May 4, 2018. The show cause hearing was adjourned to May 31, 2018. The Court granted Defendants an extension until May 16, 2018 to file an answer or make other motions due to delays caused by settlement

negotiations between the parties. (ECF No. 31.) On May 16, 2018, Defendants filed motions for an extension of time to file an answer or move to dismiss the Complaint. (ECF Nos. 32 – 33.)

In their motions for an extension, Defendants describe the circumstances giving rise to this action and their delay in response. Defendant Nierman, a solo practitioner, opened Defendant ROJ. (Nierman Decl. ¶¶ 4 – 5, ECF No. 32-2.) Through ROJ, Defendant Nierman practiced judgment execution, and many of the judgments brought to ROJ for execution were ultimately assigned to ROJ. (*Id.* ¶¶ 5 – 6.) The *Morrison* Judgment, which had been entered into pursuant to a stipulation between Morrison and Levy, Plaintiff in the case currently before this Court, was assigned to ROJ in 2010. (*Id.* ¶¶ 9 – 11.) In 2016, ROJ's assets, including the *Morrison* Judgment, were sold to a third party. (*Id.* ¶¶ 14 – 15.) The letter and Subpoena at issue were sent to Plaintiff during a transitional period while ROJ trained the third-party purchaser in its operations and it contained the required statutory warnings. (*Id.* ¶¶ 17 – 18.) Once Defendant Nierman received the Complaint and summons in this action, he contacted the third-party purchaser of ROJ's assets and advised them to settle the dispute because "despite the emptiness of the Plaintiff's claims, litigation is a waste of resources." (*Id.* ¶ 26.) The purchaser agreed and informed Defendant Nierman that "they would resolve this matter." (*Id.*) Defendant Nierman assumed that the third party was pursuing the settlement and had "no idea that this action was still pending" until Plaintiff filed a motion for default judgment. (*Id.* ¶ 27.) After receiving the

Order to Show Cause for Default Judgment, Defendants have adhered to Court orders and have actively defended their position.

In proceedings on May 31, 2018, the Court directed Plaintiff to file a reply to Defendants' motions by June 14, 2018. Plaintiff was granted an extension of time to file a reply and filed the reply on July 12, 2018. (ECF No. 42.)

**LEGAL STANDARD**

Federal Rules of Civil Procedure Rule 55 requires the clerk to enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Then the clerk, if the plaintiff's claim is for a sum certain, or the court may enter a default judgment. Fed. R. Civ. P. 55(b). After the entry of either a default or a default judgment,[3] the defaulting party may seek to have the entry set aside. *See* Fed. R. Civ. P. 55(c) & 60(b). A court "may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c).

"[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)." *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). The considerations, however, are the same under both rules: "[1] whether the default was willful, [2] whether setting it aside would prejudice the adversary, and [3] whether a meritorious defense is presented." *Id.* at 277 (Rule 55(c)). When evaluating these factors, courts "must be constantly aware of the 'strong policies favoring the resolution of genuine disputes on their merits.'" *Randazzo v. Sowin*, No. 97-CV-0967(DC), 1998 WL 391161, at *2 (S.D.N.Y. July 13, 1998)

---

[3] "Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). First, pursuant to Rule 55(a), a plaintiff may request the Clerk of the Court "to enter a default against a party that has not appeared or defended." *Id.* Second, "[h]aving obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *Id.*

(quoting *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983)). Defaults are generally disfavored, particularly when there are issues of fact, and the defaulting party should prevail when there is doubt about whether default should be granted. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Meehan*, 652 F.2d at 277.

## DISCUSSION

Based on the analysis below and in consideration of the strong policy in favor of resolving genuine disputes on their merits, the Court finds that there is good cause to set aside the entries of default against Defendants. Defendants default was not willful, vacating the default will not cause the non-defaulting party prejudice, and Defendants demonstrate the existence of a meritorious defense.

### I. Willfulness of the default

"The subjective inquiry into willfulness effectively distinguishes those defaults that, though due to neglect, are excusable, from those that are not." *Am. All. Ins. Co v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). Willfulness for the purposes of an entry of default requires an element of egregiousness which implicates "conduct that is more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). In the Second Circuit, willfulness alone is not sufficient to deny a party's motion to set aside a default entry. *Tolliver v. Lilley*, No. 12-CV-971(DAB)(KNF), 2015 WL 5670135, at *8 (S.D.N.Y. Feb. 19, 2015). In *Randazzo v. Sowin*, the court set aside an entry of default against the defendants because, in part, their default was not willful. No. 97-CV-0967(DC), 1998 WL 391161, at *3 (S.D.N.Y. July 13, 1998). The defendants in *Randazzo* forwarded the complaint and serving papers they received to their insurance company and believed that the insurance company would pursue the case. *Id.* While those defendants should have contacted the court after it became clear that their insurance

5

company was not appearing on their behalf, the defendants had attempted "to participate in the action at some level by forwarding the complaint and subsequent papers to [their insurer]." *Id.* Thus, the court held that their failure to act was not willful; it was "not sufficiently egregious to deprive them of their opportunity to be heard." *Id.*

Similar to the defendants in *Randazzo*, Defendants should have contacted the Court when they realized that the third party had not entered into a settlement with Plaintiff. However, also like the *Randazzo* defendants, Defendants attempted to participate in the action at some level by arranging a proposed settlement with the third party. Although Defendants' failure to monitor the case or contact the court to confirm any settlement was undeniably careless, it is not sufficiently egregious to amount to willfulness. Courts typically only find a default to be willful if it appears that a defendant intentionally disregarded service of a complaint or otherwise acted in bad faith. *Compare Tolliver*, 2015 WL 5670135, at *8 (holding that the defendants willfully defaulted when, after receiving proper service, they did not act on a complaint that they thought was a duplicate "of no significance"); *Richardson Greenshields Secs., Inc. v. Int'l Petroleum Corp.*, No. 84-CV-2680(MJL), 1988 WL 127063, at *3 (S.D.N.Y. Nov. 23, 1988) ("IPC's persistent disregard of court procedure, in the face of repeated admonitions, has risen beyond the level of mere mistake or confusion to the point of willful neglect."), *with Youth Alive v. Hauppauge Sch. Dist.*, No. 08-CV-1068(NGG)(ALC), 2011 WL 4628751, at *4 (E.D.N.Y. Sept. 30, 2011) (stating that the defendants' default was not willful because there was no conduct "suggestive of an improper motive in failing to timely answer" and because the defendants' counsel stated he thought he had answered the complaint); *Altamirano v. Copiague Funding Corp.*, No. 06-CV-1751(PCD), 2007 WL 1232178, at *2 (D. Conn. Apr. 25, 2007) (holding that the defendant's default, failing to timely answer a complaint because counsel was waiting on

documents from the plaintiff, while negligent or careless, was not in bad faith or egregious, and was therefore not willful); *Fonseca v. Columbia Gas Sys., Inc.*, 37 F. Supp. 2d 214, 232 (W.D.N.Y. 1998) (holding that the default was not willful because it was the result of a misunderstanding rather than a willful disregard for the rules). Defendants' default, while careless, was not egregious and is not willful for the purposes of entry of default.

## II. Prejudice to Plaintiff

"In order to show the requisite level [sic] prejudice, the plaintiff must demonstrate that any prejudice resulting from the defendant's default cannot be rectified in the Court in another manner were the default to be vacated." *Murray Eng'g, P.C. v. Windermere Props. LLC*, No. 12-CV-0052(JPO), 2013 WL 1809637, at *5 (S.D.N.Y. Apr. 30, 2013).

Plaintiff alleges that he will be prejudiced if the entry of default is set aside because Defendants' actions have caused delay and have required Plaintiff's counsel to perform "additional work." These reasons are insufficient to show that a plaintiff will be prejudiced if an entry of default is set aside. That a defendant's delay in responding to a complaint consumes time or effort does not establish prejudice. *See Springs v. Clement*, 202 F.R.D. 387, 395 (E.D.N.Y. 2001) ("[Plaintiff] claims that the delay will 'consum[e] time, effort and resources,' which is insufficient to establish a claim of prejudice."). Moreover, the Court may rectify any expenses Plaintiff incurred as a result of Defendants' failure to respond in a timely manner. Plaintiff's only other reason for prejudice is delay. Delay, without more, does not establish prejudice. *See, e.g., Davis v. Musler,* 713 F.2d 907, 916 (2d Cir. 1983); *Randazzo v. Sowin*, No. 97-CV-0967(DC), 1998 WL 391161, at *3 (S.D.N.Y. July 13, 1998). ("Courts have repeatedly held that delay alone is insufficient to establish prejudice.") ("At worst, plaintiffs have lost some time, but that loss can be rectified by pulling the case on a fast track.").

### III. Existence of a meritorious defense

The third factor in determining whether there is good cause to set aside an entry of default is whether a defendant has presented a meritorious defense. "In order to make a sufficient showing of a meritorious defense . . . the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *SEC v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998). For motions to set aside an entry of default, this factor "requires only that the defendant meet a 'low threshold.' " *Randazzo*, 1998 WL 391161, at *3 (quoting *Holford v. Harvey*, 169 F.R.D. 41, 44 (S.D.N.Y. 1996)) (holding that the defendants presented a meritorious defense because their account of events as supported by a police report, if the report is admitted into evidence, "tends to support" a defense of comparable negligence).

Plaintiff alleges that the letter and Subpoena were a deceptive attempt to collect on a nonexistent debt in violation of the FDCPA and NYGBL and that Defendants engaged in these deceptive tactics as a regular part of consumer-facing business. Defendants have met the low threshold and have established meritorious defenses to Plaintiff's FDCPA and New York law claims for the purposes of this motion to set aside the entries of default. *See Randazzo*, 1998 WL 391161, at *3. Defendants show evidence that, if true would show that the letter and Subpoena were not deceptive, and that Defendants did not otherwise engage in deceptive practices. (Nierman Decl. ¶¶ 7 – 9, 13, 16, 18 – 19, 28) (Letter and Subpoena, ECF No. 32-3.)

First, Defendants present evidence that they did not engage in a pattern of deceptive practices. Defendant Nierman averred that Defendants "instituted polices that were designed to maintain strict adherence to both New York law and [FDCPA]" and provided training on compliance to employees. (Nierman Decl. ¶ 7.) Prior to this action, only one other debtor ever

claimed that Defendants violated the law, and that litigant promptly withdrew his suit. (*Id.* ¶ 8.) Additionally, beyond conclusory allegations, Plaintiff describes no more than a one-time incident, the letter and Subpoena, and not a pattern of deceptive practices by Defendants. (*See* Compl. ¶¶ 57 – 60.)

Second, Defendants demonstrate that there is evidence that the letter and Subpoena were not deceptive and did not violate federal or state law. Defendants present the *Morrison* Judgment and note that the judgment was "rendered based upon a stipulation entered into by the parties." (Nierman Decl. ¶¶ 11 – 12); (Letter and Subpoena.) As one of two parties to that litigation, Plaintiff or Plaintiff's counsel would have had to appear and agree to the judgment for the judgment to exist. (Nierman Decl. ¶ 13.) This fact, if true, would tend to discredit Plaintiff's assertion that he was unaware of the judgment or that Defendants sought to collect payment on a debt not authorized by any agreement. Additionally, Defendant Nierman testified that much of the language Plaintiff points to as threatening or deceptive is in fact language Defendants were required to include in bold lettering pursuant to the Official Compilation of Codes, Rules, and Regulations of the State of New York § 208.39. (Nierman Decl. ¶¶ 18 – 19.) The language in the letter was not designed to trick or deceive, but to collect on a debt which had been assigned to Defendants.[4] (*Id.* ¶¶ 7, 9 & 16).

Finally, Defendant Nierman avers that the appearance date on the Subpoena, a federal holiday, was due to mistake and not intentional deception by Defendants. (*Id.* ¶¶ 20, 28.) Defendants did not follow-up to compel Plaintiff's compliance with the Subpoena. (*Id.* ¶ 21.) "A debt collector may not be held liable in any action brought under this subchapter if the debt

---

[4] The purposes of FDCPA and NYGBL § 349, to protect consumers from deceptive actions taken by debt collectors, are rooted in the public interest; they are not designed to prevent individuals or entities from collecting authorized debts. *See Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (FDCPA); *Toth v. 59 Murray Enterprises, Inc.*, No. 15-CV-8028(NRB), 2019 WL 95564, at *13 (S.D.N.Y. Jan 3, 2019) (NYGBL).

9

collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Thus, based on the evidence offered by Defendants, deficiencies in the Subpoena could be excused as the result of a bona fide error.

Accordingly, because Defendants have presented evidence of facts that, if true, would constitute a complete defense to Plaintiff's Complaint, Defendants have shown the existence of a meritorious defense. *See SEC v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998); *Randazzo v. Sowin*, No. 97-CV-0967(DC), 1998 WL 391161, at *3 (S.D.N.Y. July 13, 1998).

## CONCLUSION

For the foregoing reasons, Defendants' motions are GRANTED. Defendants shall file their answer on or before February 8, 2019. If Defendants elect to file a motion to dismiss, they are directed to inform the Court in writing of their intention to move via fax on or before the answer deadline, and moving papers are to be served, not filed, on February 8, 2019. Plaintiff's opposition must be served, not filed, on March 8, 2019. Defendant's reply must be served and filed on March 20, 2019. All documents are to be filed on March 20, 2019. The parties are directed to provide the Court with two courtesy copies of each document as they are served. If Defendants fail to file an answer or notify the Court of their intention to file a motion by February 8, 2019, the Court will enter a default judgment in Plaintiff's favor and will order Defendants to pay Plaintiff's fees and costs associated with pursuing the default judgment.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 32 and 33, to mail *pro se* Defendant Nierman a copy of this Opinion at his address as listed on the docket, and to show proof of service on the docket. This constitutes the Court's Opinion and Order.

Dated: January 8, 2019
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge