UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X            17-CV-4022(NSR)

SHAUL LEVY,                                                             **ANSWER**

                Plaintiff,

LAW OFFICES OF J. HENRY NIERMAN

J. HENRY NIERMAN

RECOVERY OF JUDGMENT, LLC,

                Defendants.

-------------------------------------------------X

JOSEPH NIERMAN appearing *pro se* hereby answers the Complaint as follows:

1. Defendant admits the allegations set forth in paragraphs numbered "1", "4", "5", "6" and "15" in the underlying complaint.

2. Defendant denies the allegations set forth in paragraphs numbered "2", "3", "8", "9", "10", "11", "12", "13", "14", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "37", "38", "39", "40", "43", "44", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62" and "63" in the underlying complaint.

3. Defendant denies knowledge and information sufficient to form a belief in paragraphs numbered "7", "33", "34", "35", "36", "41", "42", "45" and "46" in the underlying Complaint.

1

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

4. Defendant repeats and realleges Paragraphs numbered "1" through "3" as if set forth at length herein.

5. The underlying judgment (the "Judgment") is a valid judgment entered in New York City Housing Court.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6. Defendant repeats and realleges Paragraphs numbered "1" through "5" as if set forth at length herein.

7. The Plaintiff knew or should have known that the Judgment is valid.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8. Defendant repeats and realleges Paragraphs numbered "1" through "7" as if set forth at length herein.

9. The instant action is frivolous and/or and abuse of the legal system.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10. Defendant repeats and realleges Paragraphs numbered "1" through "9" as if set forth at length herein.

11. The Plaintiff has intentionally and/or recklessly wasted the Defendants' time by knowingly asserting frivolous claims, including, but not limited to, asserting that the Judgment was invalid. Defendants are entitled to an offset based on the Plaintiff's frivolous conduct.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

12. Defendant repeats and realleges Paragraphs numbered "1" through "11" as if set forth at length herein.

13. Upon information and belief the Plaintiff overstates their attorney hours and/or the Plaintiff has incurred unreasonable and/or unnecessary attorneys fees for the purpose of harassing the Defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14. Defendant repeats and realleges Paragraphs numbered "1" through "13" as if set forth at length herein.

15. Some or all of the Defendants do not qualify as debt collectors.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

16. Defendant repeats and realleges Paragraphs numbered "1" through "15" as if set forth at length herein.

17. Plaintiff does not qualify as a consumer under the governing statute(s).

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

18. Defendant repeats and realleges Paragraphs numbered "1" through "17" as if set forth at length herein.

19. Defendants take careful steps to operate and comply with the FDCPA and all governing statutes. The subject letter/subpoena was an isolated incident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

20. Defendant repeats and realleges Paragraphs numbered "1" through "19" as if set forth at length herein.

21. The subject letter/subpoena resulted from excusable lawyer error.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

22. Defendant repeats and realleges Paragraphs numbered "1" through "21" as if set forth at length herein.

23. The language on the letter was statutorily required and/or materially complied with statutory requirements.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

24. Defendant repeats and realleges Paragraphs numbered "1" through "23" as if set forth at length herein.

25. Aside from the correspondence of the letter/subpoena itself, no follow up was made by Defendant(s) to enforce compliance with its terms.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

26. Defendant repeats and realleges Paragraphs numbered "1" through "25" as if set forth at length herein.

27. Plaintiff did not suffer any real or actual harm as a result of the letter/subpoena.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

28. Defendant repeats and realleges Paragraphs numbered "1" through "27" as if set forth at length herein.

29. Plaintiff has failed to take reasonable steps to mitigate his damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

30. Defendant repeats and realleges Paragraphs numbered "1" through ""29 as if set forth at length herein.

31. Plaintiff intentionally took steps to maximize his damages in an effort to wrongfully try using the FDCPA as a sword rather than a shield.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

32. Defendant repeats and realleges Paragraphs numbered "1" through "31" as if set forth at length herein.

33. The Plaintiff has unclean hands.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

34. Defendant repeats and realleges Paragraphs numbered "1" through "33" as if set forth at length herein.

35. Plaintiff fails to state a claim upon which relief can be granted.

## AS AND FOR A FIRST COUNTERCLAIM

36. Defendant repeats and realleges Paragraphs numbered "1" through "35" as if set forth at length herein.

37. The Judgment is a valid judgment properly entered with the Clerk of the Court in the City of New York: Housing Division.

38. The Judgment was entered pursuant to stipulation.

39. Based on the foregoing, the Plaintiff agreed to the entry of the Judgment.

40. Plaintiff's counsel alleges that his firm invested time and money researching the existence of the Judgment.

41. Additionally, the Plaintiff's second cause of action is premised on the non-existence of the Judgment.

42. Plaintiff's counsel admitted in open Court that the Judgment exists.

43. Plaintiff has wasted the time of this Court, the Defendants and his counsel by intentionally and/or recklessly alleging that the Judgment did not exist, required research to be verified and that its purported "nonexistence" merited a cause of action sounding in a violation of New York General Obligations Law §349.

44. As a direct and foreseeable result, Defendants have borne unnecessary cost and expense in an amount to be determined in Court.

WHEREFORE, Defendants respectfully demand dismissal of the Plaintiff's Complaint and under the first counterclaim an entry of judgment in favor of the Defendants and against the Plaintiff in an amount to be determined in Court.

Dated:   New York, New York
         February 8, 2019

By: _____
Joseph Nierman

157 Mineral Spring Avenue
Passaic, NJ 07055
(516) 523-3803