UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUL LEVY,<br><br>      *Plaintiff*,<br><br>v.<br><br>LAW OFFICES OF J. HENRY NIERMAN;<br>J. HENRY NIERMAN; and<br>RECOVERY OF JUDGMENT LLC,<br><br>      *Defendants*. | No.: 17-cv-4022 (NSR) (JCM)<br><br>**PLAINTIFF'S ANSWER AND REPLY TO DEFENDANT J. HENRY NIERMAN'S COUNTERCLAIMS** |

Plaintiff Shaul Levy ("Plaintiff"), by and through his attorneys, Schlanger Law Group LLP, as and for his Answer and Reply to the counterclaims asserted by Defendant J. Henry Nierman in his Answer to the Complaint filed February 8, 2019 (Docket Entry No. 44), states as follows:

### RESPONSE TO COUNTERCLAIM AGAINST SHAUL LEVY BY J. HENRY NIERMAN

1. Denied. The averments state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, these averments are denied.

2. Denied. The averments state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, these averments are denied.

3. Denied. The averments state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, these averments are denied.

4. Denied. Each of the foregoing responses to the Counterclaim are repeated and realleged as if restated in full herein.

1

5. Denied. The responding party lacks knowledge or information sufficient to form as belief as to the truth of the allegation and therefore denies the same.

6. Denied. Each of the foregoing responses to the Counterclaim are repeated and realleged as if restated in full herein.

7. Denied. The averments state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, these averments are denied.

8. Denied. Each of the foregoing responses to the Counterclaim are repeated and realleged as if restated in full herein.

9. Denied. The averments state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, these averments are denied.

10. Denied. Each of the foregoing responses to the Counterclaim are repeated and realleged as if restated in full herein.

11. Denied. The averments state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, these averments are denied.

12. Denied. Each of the foregoing responses to the Counterclaim are repeated and realleged as if restated in full herein.

13. Denied.

14. Denied. Each of the foregoing responses to the Counterclaim are repeated and realleged as if restated in full herein.

15. Denied. The averments state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, these averments are denied.

16. Denied. Each of the foregoing responses to the Counterclaim are repeated and realleged as if restated in full herein.

17. Denied. The averments state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, these averments are denied.

18. Denied. Each of the foregoing responses to the Counterclaim are repeated and realleged as if restated in full herein.

19. Denied. The responding party lacks knowledge or information sufficient to form as belief as to the truth of the allegation and therefore denies the same.

20. Denied. Each of the foregoing responses to the Counterclaim are repeated and realleged as if restated in full herein.

21. Denied. The averments state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, these averments are denied.

22. Denied. Each of the foregoing responses to the Counterclaim are repeated and realleged as if restated in full herein.

23. Denied. The averments state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, these averments are denied.

24. Denied. Each of the foregoing responses to the Counterclaim are repeated and realleged as if restated in full herein.

25. Denied. The responding party lacks knowledge or information sufficient to form as belief as to the truth of the allegation and therefore denies the same.

26. Denied. Each of the foregoing responses to the Counterclaim are repeated and realleged as if restated in full herein.

27. Denied. The averments state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, these averments are denied.

28. Denied. Each of the foregoing responses to the Counterclaim are repeated and realleged as if restated in full herein.

29. Denied. The averments state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, these averments are denied.

30. Denied. Each of the foregoing responses to the Counterclaim are repeated and realleged as if restated in full herein.

31. Denied. The averments state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, these averments are denied.

32. Denied. Each of the foregoing responses to the Counterclaim are repeated and realleged as if restated in full herein.

33. Denied. The averments state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, these averments are denied.

34. Denied. Each of the foregoing responses to the Counterclaim are repeated and realleged as if restated in full herein.

35. Denied. The averments state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, these averments are denied.

36. Denied. Each of the foregoing responses to the Counterclaim are repeated and realleged as if restated in full herein.

37. Denied. The responding party lacks knowledge or information sufficient to form as belief as to the truth of the allegation and therefore denies the same.

38. Denied. The responding party lacks knowledge or information sufficient to form as belief as to the truth of the allegation and therefore denies the same.

39. Denied. The averments state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, these averments are denied.

40. Admitted.

41. Denied.

42. Admitted in part; denied in part. The responding party admits that Defendant J. Henry Nierman provided opposing counsel with a copy of a document that purports to be a judgment against Shaul Levy and confirmed that a copy of the document had been received his counsel. The responding party lacks knowledge or information sufficient to form as belief as to whether the judgment was properly filed and docketed by the Clerk of Court and was or remains valid and enforceable, and therefore denies the remainder of the allegation.

43. Denied. The averments state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, these averments are denied.

44. Denied. The averments state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, these averments are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant's claims are barred, in whole or in part, for failure to state a cause of action against Plaintiff upon which relief may be granted.

### SECOND DEFENSE

Defendant's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

Defendant's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, acquiescence and estoppel.

## FOURTH DEFENSE

Defendant's recovery is barred, in whole or in part, by the actions and/or omissions of Defendant or any of Defendant's agents, employees, or independent contractors.

## FIFTH DEFENSE

Defendant's right to recovery is diminished commensurate with Defendant's failure to mitigate damages.

## SIXTH DEFENSE

Defendant's claims are barred, in whole or in part, to the extent that any alleged breach was not the proximate cause of Defendant's injuries alleged.

## SEVENTH DEFENSE

Defendant's claims are barred, in whole or in part, in that any alleged damages were caused, in whole or in part, by the actions and/or inactions of one or more persons or entities for whose conduct Plaintiff is not responsible.

Plaintiff reserves the right to amend his Answer and Reply during the course of this litigation. Plaintiff also reserves the right to assert such additional defenses as may appear and prove applicable during the course of this action.

WHEREFORE, Plaintiff respectfully demands judgment:

(1) dismissing Defendant's counterclaims in their entirety;

(2) awarding Plaintiff the relief demanded in his Complaint as to the First and Second Causes of Action, including:

  (a) Declaratory Judgment that Defendants-Counterclaim-Plaintiffs' conduct violated the Fair Debt Collection Practices Act and New York Gen. Bus. Law ("NYGBL") § 349;

  (b) Injunctive relief pursuant to NYGBL § 349;

  (c) Actual damages;

  (d) Statutory damages;

  (e) Costs and reasonable attorney's fees; and

(3) awarding such other and further relief as this Court may deem just and proper.

Dated:  March 1, 2019

                              SCHLANGER LAW GROUP LLP

                              */s/ Evan S. Rothfarb*
                              Evan S. Rothfarb
                              9 East 40th Street, Suite 1300
                              New York, NY  10016
                              Telephone: 212-500-6114
                              erothfarb@consumerprotection.net
                              *Attorneys for Plaintiff*