# Law offices of J. henry nierman

157Mineral Spring Avenue
Passaic, NJ 07055
(516) 523-3803
J_NIERMAN@YAHOO.COM

June 5, 2020

Hon. Judith C. McCarthy
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

> Re:    Levy v. Nierman
>        Index No.: 17-CV-4022 (NSR)
>        <u>Letter Detailing Results of Discovery Discussions</u>

Dear J. McCarthy:

Pursuant to Court order, the Defendant(s) hereby write to apprise the Court of the results of the discovery discussions held pursuant to Court Order between the parties.

On May 26, 2020 Joseph Nierman ("Nierman") and Barry Schneps on behalf of the Defendants held a conference call with Evan Rothfarb serving as counsel for the Plaintiff.  The parties spent approximately one hour and fifteen minutes debating the appropriateness of demands from each side as well as the availability of documents in each party's possession.

During the first fifteen minutes (the "Introductory Phase"), Nierman detailed background as to: i) how Defendant Recovery Of Judgment, LLC ("ROJ") operated; ii) the relationship between the co-defendants and other primary employees of ROJ; iii) the roles of non-defendant third parties who had been identified in prior discovery responses; and iv) the sale of ROJ and its impact on availability of providing documents demanded by the Plaintiff.  Nierman explained that ROJ sold its assets to an unrelated third-party early in 2017 and that few, if any, documents remained in his possession or control.

The parties then spent 45 minutes reviewing the Plaintiff's discovery demands item by item. Upon completion of that portion of the discussion, Nierman clarified on a point by point basis why various documents were not in his possession as described in the Introductory Phase.  In conclusion, the parties agreed: i) that Nierman would review old computers in storage to see if he could locate any of the documents demanded by Plaintiff; and ii) ROJ would provide separate discovery responses from Law Offices of J. Henry Nierman, to help clarify their respective positions, to the extent that the positions of those corporate entities are not identical.   The concessions made by Defendants are to be supplemented by June 15, 2020.

After an hour we completed covering responses to the Plaintiff's demands and addressed the Defendants' demands. Rothfarb represented that the Plaintiff had absolutely no documentation whatsoever to support Plaintiff's claims that he suffered from emotional distress from any of the underlying events. With there being no physical evidence that Plaintiff suffered any injuries at all, the Defendants remain troubled that the objective of this entire action seems solely to harass the Defendants by incurring continually accruing legal fees over a matter that had no impact on the Plaintiff.

Defendant maintained that the FDCPA is specifically designed to serve as a shield for consumers and not as a sword against collection agencies. Plaintiff's counsel responded, "You're wrong, it is a sword".

This difference in perspective seems to be part of the root of the issue between the parties as they relate to Defendants' discovery demands.

The Defendants believe that the Plaintiff is not merely engaging in litigation for the sake of litigation, but that the legal hours/fees that Plaintiff intends to assess against Defendants are grossly overstated.

To establish this defense, Defendants intend to show that the hours alleged by Plaintiff in preparing its default motion were grossly overstated. Defendants allege that the much of the work involved in preparing the default motion were copy/paste "cookie cutter" claims and allegations similar cases which would have been completed by a competent attorney in well under 5 hours. Certainly, attorneys as well seasoned as Plaintiff's counsel alleges to be, has filed many a default motion in its past. It is inconceivable that with a storehouse of previously filed default motions in its database, Plaintiff's counsel needed over ten hours to prepare a fairly standard default motion.

Defendants cannot establish this defense unless it has copies of default motions brough by Plaintiff's counsel in the past, to compare to the motion brough by Plaintiff at bar. Accordingly, Defendants require production of the documents set forth in its 11th demand which states "Copies of all motions for default judgment or summary judgment prepared by Plaintiff's counsel within the past seven years wherein said counsel asserted a claim for legal fees ."

Additionally, Defendants require production of Plaintiff and its counsel. Rothfarb admits that Levy signed tow retainer agreements with his firm. One retainer was for Plaintiff's defense from the underlying judgment held by ROJ against Levy, and a second to commence this action. It is impossible to know what legal damages Levy purportedly sustained unless Defendants have access to both agreements.

Finally, as Plaintiff's counsel is representing Levy with respect to its defense of the judgment held by ROJ, ROJ made specific demands of various financial records that it is entitled to obtain as a judgment creditor.

While Defendants have repeatedly acceded to Plaintiff's demands, Plaintiff consistently rejects every discovery demand made by Defendants

Very truly yours,

Joseph Nierman