**SCHLANGER LAW GROUP LLP**

June 5, 2020

**VIA ECF**

Hon. Judith C. McCarthy
United States Magistrate Judge
United States District Court – S.D.N.Y.
300 Quarropas St.
White Plains, NY 10601

      **Re:**     *Levy v. Law Offices of J. Henry Nierman*
      **Index:**  17-cv-4022 (NSR)(JCM)

Your Honor:

      My firm is counsel to Plaintiff in the above-referenced action. We write to update the Court regarding status of discovery with respect to Plaintiff's disputes with Defendants Law Offices of J. Henry Nierman, Recovery of Judgment LLC, and J. Henry Nierman, *pro se*.

      On May 26, 2020, the parties held a teleconference for 1 hour, 36 minutes and met and conferred regarding Defendants' responses to Plaintiff's discovery demands and the issues identified in Plaintiff's prior correspondence (attached as "Exhibit 1" hereto). As a result, Defendants agreed to search their old computers/servers for responsive documents; issue separate responses for each individual defendant and entity served with discovery demands; and verify each of the interrogatory responses pursuant to Fed. R. Civ. P. 33(b)(5). Defendants indicated that the earliest they could serve amended and supplemental discovery responses was June 15, 2020.

      At the meet and confer, Defendants indicated that there is an extant document assigning the right to collect upon a purported state court judgment against Plaintiff to Recovery of Judgment LLC by the original judgment holder. Defendants maintain that this document will not be produced because it is not relevant. To the contrary, this document must be produced as it relates to the standing of Defendants to take action of the purported underlying judgment, and, *inter alia*, whether Defendants falsely represented the character or legal status of the debt, 15 U.S.C. §

**T.** 212.500.6114
**F.** 646.612.7996
**E**. erothfarb@consumerprotection.net

**NEW YORK**
9 East 40th St, Ste 1300
New York, NY 10016

1692e(2) or made false representations or used deceptive means to collect a debt, 15 U.S.C. § 1692e(5).  *See* Complaint, ¶51; *see also Coppola v. Arrow Fin. Servs.*, No. 3:02cv577 (PCD), 2002 U.S. Dist. LEXIS 26788, at *7 (D. Conn. Oct. 29, 2002) (compelling defendant to identify all assignees of plaintiff's former account in response to interrogatories and to produce "[a]ll other documents showing authorization of defendant to collect debts" in an FDCPA action).

Defendants also stated that they possess a "global" retention agreement between Recovery of Judgment LLC and Defendants Law Offices of J. Henry Nierman and J. Henry Nierman whereby the latter were authorized to collect debts.  Defendants again assert irrelevancy grounds for withholding the document.  To the contrary, the retention agreement must be produced.  It relates to whether Defendants are debt collectors for the purposes of the FDCPA.  *See Hooks v. Forman Holt Eliades & Ravin LLC*, No. 11 Civ. 2767 (LAP), 2015 U.S. Dist. LEXIS 122418, at *19-20 (S.D.N.Y. Sep. 14, 2015) (holding that law firm defendant's retention agreement was relevant as to whether a debt collector under the FDCPA); *Yancey v. Hooten*, 180 F.R.D. 203, 208 and 212 (D. Conn. 1998) (in an FDCPA action, granting plaintiff's motion to compel discovery regarding the relationships between and among the defendants and the plaintiff's creditor as well as "All documents (or the form thereof if not available) transmitted by defendant to plaintiff, to creditor, or to any other person or entity with regard to the alleged debt to creditor.").

During the meet and confer, Plaintiff's counsel advised Defendants that Plaintiff would seek to preclude Defendants from reliance upon any documents in support of their defenses in this action that have not been produced to Plaintiff, including any applicable policies and procedures which might support the asserted affirmative defense of bona fide error.  Plaintiff requests an Order from the Court to this effect.  *Cf.* Fed. R. Civ. P. 37(c)(1).

We thank Your Honor for consideration of the above discovery issues.

*Hon. J. McCarthy*
*June 5, 2020*
*3 of 3*

Respectfully,

*/s/ Evan S. Rothfarb*

Evan S. Rothfarb

cc: all counsel of record and pro se parties (via ECF)

# EXHIBIT 1

**SCHLANGER LAW GROUP LLP**
HELPING CONSUMERS FIGHT BACK

May 21, 2020

**VIA EMAIL (bcschneps@gmail.com)**

Barry C. Schneps
41-60 Main Street, Suite 210
Flushing, NY 11355

      **Re:**      *Levy v. Law Offices of J. Henry Nierman, et al.*
      **Index:**  17-cv-4022 (NSR) (JCM)

Mr. Schneps:

      As you know, we represent Shaul Levy in the above-captioned matter. We write to follow-up on the meet and confer we held earlier today from which you disconnected with apparent intention after 5 minutes and 44 seconds had elapsed and then failed to resume.

      As you will recall, Plaintiff has been requesting to meet and confer with you regarding Fed. R. Civ. P. 37 and Local Civil Rule 37.2 regarding the discovery responses of Defendants Law Offices J. Henry Nierman and Recovery of Judgment LLC ("Defendants") in the above matter since shortly after we received the responses on April 30, 2020 (which were sent via e-mail by J. Henry Nierman, a *pro se* defendant in this action). The meet and confer telephone call earlier today took multiple e-mails and several weeks to schedule with you.

      By e-mails exchanged on May 20, 2020, you confirmed your availability for a 12:00 p.m. teleconference today, May 21, 2020, to meet and confer regarding the deficiencies in *Defendants'* discovery responses. You confirmed your availability to discuss these issues and said nothing regarding any other issues you wished to discuss.

      At the beginning of the telephone call, you advised that J. Henry Nierman would be participating in the meet and confer. As Plaintiff's request to meet and confer only involved the deficient responses of the two entity defendants, we advised you that Mr. Nierman's participation on the telephone call was inappropriate as he is not permitted to represent the two entities in this matter; he has not appeared as an attorney of record in this matter for the either of the Defendants and could not do so as he is not an admitted attorney in the U.S. District Court for the Southern District of New York.

      While on the telephone call, you consistently interrupted the undersigned while speaking, you indicated that you only wished to discuss Plaintiff's discovery responses, and you refused to discuss the Defendants' deficient discovery responses at all. After we several times attempted to re-direct you to the issue of Defendants' discovery deficiencies, you disconnected the telephone. We attempted to call you back, but to no avail.

---

**T.** 212.500.6114
**F.** 646.612.7996
erothfarb@consumerprotection.net

9 East 40th Street,
Suite 1300
New York, NY 10016

Among the issues about which we attempted to meet and confer earlier today included the following deficiencies in the discovery responses from Defendants Law Offices J. Henry Nierman and Recovery of Judgment LLC:

- Defendants did not produce a single document in response to Plaintiff's written discovery demands (other than a photocopy of a purported civil court judgment against Shaul Levy that was furnished during a court hearing by Mr. Nierman);

- Defendants failed to indicate the search methodology used by each of the entities by which they have ascertained that they have no responsive documents, including search terms, keywords, sources searched, etc.;

- Defendants failed to indicate whether they were withholding documents on the basis of any objections;

- To the extent documents have been destroyed, lost, mislaid, or are otherwise missing from the Defendants' custody and control, Defendants did not identify the type of missing documents; provide a description of the nature and contents of the missing documents; identify the documents' author(s); set forth the circumstances under which the documents ceased to exist; or identify all person(s) having knowledge of the circumstances under which the documents ceased to exist;

- Defendants did not provide the collection file for Plaintiff, including any intake notes, collection log, collection log entry notes, document generation and tracking information, review notes, or e-mails or communications about same;

- Defendants failed to provide any documents they adopted to avoid violations of the FDCPA or New York General Business Law of the type alleged in this lawsuit, including any policies and procedures, operating guidelines, protocols, or training manuals;

- Defendants indicated in their combined interrogatory response that "the subject judgment was assigned to defendant Recovery Of Judgment, LLC for the purposes of collection[,]" but Defendants produced no documents or communications evidencing the assignment;

- Defendants failed to provide any documentation reflecting their authority to act on behalf of the judgment-holder, including any assignment, agreement, or other communication between Defendants and Matt Morrison and/or Andy Yen;

- Defendants did not provide the method transfer or date(s) of transfer of formerly extant documents in the custody or control of Defendants to WAK Enterprises, Inc., Shawn Porart, and Vera Porat, or which of these three identified recipients received which relevant documents;

B. Schneps<br>
May 21, 2020<br>
3 of 3

- Defendants must confirm whether Shawn Porat and Vera Porat remain officers, owners, or employees of Recovery of Judgment LLC, a business of ongoing concern of which Mr. J. Henry Nierman identifies himself as President;

- Defendants improperly provided a single combined response to Plaintiff's requests for production of documents and interrogatories, although demands were directed separately to the Law Offices J. Henry Nierman and Recovery of Judgment LLC separately (and individualized responses are required pursuant to Fed. R. Civ. P. 33(b)(1)(B));

- Defendants did not provide verified responses to interrogatories in compliance with Fed. R. Civ. P. 33(b)(5);

- Defendants failed to identify witnesses with knowledge of any investigation by Recovery of Judgment LLC or the Law Offices of J. Henry Nierman to verify the validity of the alleged judgment against Plaintiff [Interrogatory #1(g)];

- Defendants failed to identify witnesses at Recovery of Judgment LLC or the Law Offices of J. Henry Nierman who investigated the alleged underlying judgment or Plaintiff [Interrogatory #1(h)];

The above is non-exhaustive list of the deficiencies in Defendants' discovery responses. Should the Defendants remediate their productions (and continue to fail to meet and confer), Plaintiff will have no choice but to move for appropriate sanctions pursuant to Fed. R. Civ. P. 37 and Local Civil Rule 37.2. Furthermore, should Defendants fail to provide amended discovery responses and responsive documents, we will seek an order precluding the use or reference to the documents at the trial of this matter.

By Tuesday, May 26, 2020, please provide an anticipated date for Defendants' remedial document productions. If we do not hear from you, we will take appropriate further action.

Additionally, please instruct Mr. Nierman that with respect to the Law Offices of J. Henry Nierman and Recovery of Judgment LLC, he is not their authorized attorney in this matter and may not speak on their behalf. All communications with regard to the entity defendants must go through you. As you well know, we are not permitted to speak with a represented party and Mr. Nierman cannot represent the entity defendants.

Thank you for your prompt attention to the above.

Very truly yours,<br>
<em>/s/ Evan S. Rothfarb</em><br>
Evan S. Rothfarb

cc: Daniel A. Schlanger