**SCHLANGER LAW GROUP LLP**

June 10, 2020

**VIA ECF**

Hon. Judith C. McCarthy
United States Magistrate Judge
United States District Court – S.D.N.Y.
300 Quarropas St.
White Plains, NY 10601

    **Re:**    *Levy v. Law Offices of J. Henry Nierman*
    **Index:**  17-cv-4022 (NSR)(JCM)

Your Honor:

    My firm is counsel to Plaintiff Shaul Levy in the above-referenced action. We write to oppose the oversize[1] discovery disputes submitted by Defendants Law Offices of J. Henry Nierman, Recovery of Judgment LLC, and J. Henry Nierman, *pro se*.[2] To the extent the two entity Defendants seek documents from Plaintiff, their requests are improper, irrelevant, premature, unduly burdensome, and disproportionate. Defendants do not explain the relevance of the discovery sought to this action premised on their violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*,[3] and New York Gen. Bus. Law § 349 ("NYGBL § 349"), nor do they address the applicable threshold issues or proportionality analysis required under Fed. R. Civ. P. 26(b)(1).

    Defendants seek Plaintiff's personal financial information in a blatant attempt to utilize this action to obtain records that they could not compel through their invalid post-judgment subpoena, the violation at the core of this FDCPA action. Defendants seek Plaintiff's tax returns; bank, investment and retirement accounts; business membership interests; vehicle registrations; telephone and utility

---

[1] *See* Order dated January 30, 2020, at 1 (Docket Entry No. 51) (limiting briefs to "two (2) double-spaced pages").
[2] Mr. Nierman has served no discovery requests upon Plaintiff in this matter and therefore lacks standing.
[3] Defendants misquote Plaintiff concerning the protection afforded by the FDCPA. Plaintiff stated that the FDCPA functions as both a sword and a shield. *See Boerner v. LVNV Funding LLC*, 326 F. Supp. 3d 665, 680 (E.D. Wis. 2018) ("The FDCPA thus functions as a sword for aggrieved plaintiffs . . . ."); *Leyse v. Corp. Collection Servs.*, 2006 U.S. Dist. LEXIS 67719, at *8 (S.D.N.Y. Sep. 18, 2006) ("With the enactment of the FDCPA, 'the legislature armed consumers with a shield against the overly zealous debt collector . . . .' ").

**T.** 212.500.6114
**F.** 646.612.7996
**E**. erothfarb@consumerprotection.net

**NEW YORK**
9 East 40th St, Ste 1300
New York, NY 10016

bills; real property records; and lease agreements (including those executed by Plaintiff's spouse). None of these records are germane here and Defendant cannot meet their burden to compel. "[T]he request for personal financial information is functionally indistinguishable from a request for tax returns" and the same legal standard applies. *EEOC v. White House Home for Adults & Ronald Hertzel*, No. 1:04-CV-1091 (GLS/RFT), 2005 U.S. Dist. LEXIS 55236, at *3 (N.D.N.Y. Mar. 18, 2005). The requesting party must demonstrate (1) relevance and (2) a compelling need. *Ellis v. City of N.Y.,* 243 F.R.D. 109, 111-12 (S.D.N.Y. 2007). Defendants fail both prongs. The sole issue in this action is whether Defendants violated the FDCPA and NYGBL § 349 and Plaintiff's damages.[4]

Defendants also seek discovery from Plaintiff's counsel, including default and summary judgment motions filed in unrelated matters.[5] Such materials are irrelevant to liability or damages, oppressive, disproportionate, and premature before Plaintiff is a prevailing party. Similarly, the current retainer agreement between Plaintiff and his counsel is also irrelevant and premature. Any fee award will be ultimately determined by the Court. *See Womoczyl v. Mercedes-Benz USA, LLC,* No. CV 08-4935 (JS) (AKT), 2009 U.S. Dist. LEXIS 101645, at *5 (E.D.N.Y. Oct. 28, 2009) (denying a defense motion to compel production of a retainer agreement and holding "Plaintiffs' attorneys' fees in the instant case do not become an issue unless and until Plaintiffs prevail in this action."); *37 Besen Parkway, LLC v. John Hancock Life Ins. Co. (U.S.A.)*, 2017 U.S. Dist. LEXIS 165813, at *6-7 (S.D.N.Y. Oct. 5, 2017) (motion to compel retainer denied).

We thank Your Honor for consideration of the above discovery issues.

---

[4] Plaintiff's recovery for actual damages in this action includes "personal humiliation, embarrassment, mental anguish, and/or emotional distress that results from [Defendants'] failure to comply with the FDCPA." *Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 722 (S.D.N.Y. 2013) (also holding that neither documentary evidence, nor medical testimony in support of such damages is required to present emotional distress damages to a jury).

[5] Defendants seek documents to support a defense of "overstated" billing by Plaintiff's counsel, which is not a legal defense to an FDCPA action and an unsupported, false allegation.

    Respectfully,

    */s/ Evan S. Rothfarb*

    Evan S. Rothfarb

cc: all counsel of record and pro se parties (via ECF)