# Law offices of J. henry nierman
157Mineral Spring Avenue
Passaic, nj 07055
(516) 523-3803
j_nierman@yahoo.com

June 10, 2020

Hon. Judith C. McCarthy
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

          Re:    Levy v. Nierman
                 Index No.: 17-CV-4022 (NSR)
                 <u>Letter Detailing Results of Discovery Discussions</u>

Dear J. McCarthy:

Pursuant to Court order, the Defendant(s) hereby write to respond to the summary of the discovery conference provided by Plaintiff's counsel.

During that call, I informed Mr. Rothfarb that the original judgment creditor (the "Original Creditor") of the underlying judgment (the "Judgment") signed an assignment of the judgment to Recovery Of Judgment, LLC (the "Assignment" and "ROJ" respectively) as well as a contingency agreement directing contractual obligations between said parties.

Under New York law, the Assignment gave exclusive ownership of the Judgment to ROJ and exclusive rights to execute thereupon.  No terms in a contingency agreement between the Original Creditor and ROJ could provide any basis under New York law to strip ROJ of that exclusive right.  The only possible ramifications of a contingency agreement is to provide the Original Creditor with a claim against ROJ resulting from the ROJ's successful execution of the Judgment.  There is no basis in law or fact to warrant indulging the Plaintiff's abject curiosity as to the terms of an agreement that could not legally impact ROJ's rights to execute the Judgment.

As to the Plaintiff's claim of a right to an agreement between the co-defendants, the Plaintiff misunderstood what I said.  Specifically, what I said is "There may be an agreement.  I do not have any documents from my tenure with ROJ, so if there was an agreement, I no longer have the agreement.  If I had the agreement, I would not give it to you because you are not entitled to it.".

If such an agreement exists, the Plaintiff would not be entitled to same.  The caselaw provided by the Plaintiff's is easily distinguishable from the facts herein.  Defendants have admitted that Joseph Nierman was both an owner of ROJ and responsible for handling all of their legal matters.  Nothing in a retainer agreement between Joseph Nierman/ The Law Offices of J. Henry Nierman and ROJ could shed any further light that would further impute a legal standing as to

Joseph Nierman or The Law Offices of J. Henry Nierman's status as a "debt collector under the FDCPA.

This is yet another example of the Plaintiff attempting to use legal process under a threadbare cover of "relevant information" as a basis to harass the Defendants over matters that have no bearing on this case.

Based on the foregoing, the Plaintiff's request to compel disclosure of the subject discovery demands should be denied by the Court.

                                                Very truly yours,

                                                Joseph Nierman