UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT

OF NEW YORK

------------------------------------------------------------X

SHAUL LEVY,

          Plaintiff         17-cv-4022 (NSR)

LAW OFFICES OF J. HENRY NIERMAN

J. HENRY NIERMAN

RECOVERY OF JUDGMENT, LLC

------------------------------------------------------------X

DEFENDANT'S OPPOSITION TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1(a)

Defendants J. Henry Nierman ("Nierman") appearing pro se, pursuant to Local Civil Rule 56.1 respectfully submits this Defendant's Opposition to Plaintiff's Statement of Material Facts in reply to the Plaintiff's opposition to the Defendant's motion for summary judgment and in opposition to the cross-motion for summary judgment of Plaintiff Shaul Levy (the "Cross Motion").

1. **Plaintiff is a natural person residing in Miami Beach, Florida. See Declaration of Shaul Levy dated February 16, 2021 (the "Levy Dec.") at ¶1.**
   Admit.

2. **For purposes of this action, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3). Id at ¶3.**

Deny knowledge and information sufficient to form a belief. Plaintiff denies recalling the incident that led to the underlying judgment (the "Judgment") being entered against him with Levy's consent. Due to the fact that the Judgment was entered in Housing Court, it is reasonable to assume that the Judgment relates to unpaid rent. However, it is unclear whether the Judgment was entered due to unpaid rent for residential or commercial property. Plaintiff retains the burden of proving to the trier of fact that in this context he is a "consumer" as defined by the FDCPA.

3. **At all times relevant hereto, LOHN was a third-party debt collector whose principal business purpose is the collection of debts. See Declaration of Joseph Nierman in Support of Defendant's Motion to Dismiss the Complaint (the "Nierman Dec.") at ¶¶16 - 18.**

Deny. Law Offices of J. Henry Niermna ("LOHN") is a non-extant company. The legal status of LOHN as debt collector is unsupported by law or fact. (Nierman Dep 33:12-18)

4. **At all times relevant hereto, LOHN regularly attempted to collect debts alleged to be due to another. Id.**

Deny. LOHN is a non-extant company. LOHN did not regularly attempt to collect debts. Plaintiff's claim is unsupported by law or fact. (Nierman Dep 33:12-18)

5. **At all times relevant hereto, LOHN was engaged in the business of collecting debts in New York. Id.**

   Deny. LOHN is a non-extant company. LOHN did not regularly attempt to collect debts. Plaintiff's claim is unsupported by law or fact. (Nierman Dep . 33:12-18)

6. **At all times relevant hereto, Nierman was a third-party debt collector whose principal business activity is the collection of debts. Id.**

   Deny. J. Henry Nierman ("Nierman") was an owner and employee of Recovery of Judgment, LLC ("ROJ"). None of his actions on behalf of ROJ were in his individual capacity. Moreover, ROJ was not his principal business activity. No fact or law supports a claim that Nierman is a debt collector. (Nierman Dep 34:16-35:3)

7. **At all times relevant hereto, Nierman regularly attempted to collect debts alleged to be due to another. Id.**

   Deny. Nierman was an owner and employee of ROJ. None of his actions on behalf of ROJ were in his individual capacity. Moreover, ROJ was not his principal business activity. No fact or law supports a claim that Nierman is a debt collector. (Nierman Dep 34:16-35:3)

8. **At all times relevant hereto, ROJ was a third-party debt collector whose principal business activity is the collection of debts focused on judgment recovery. Id**.

ROJ was in the business of collecting its own debts.  Defendants deny that this qualifies as a debt collector under the law.

9. In or around the year 2015, Nierman became the 100% owner of ROJ. Nierman Decl. at ¶¶14-15.

Admit.

10. . LOHN is not a distinct entity; Nierman is solo practitioner who uses the name LOHN for business purposes. Nierman Decl. at ¶15.

There is no entity LOHN. (Nierman Dep p. 33 L 12-18)

11. . **By letter dated December 10, 2016, post-marked December 13, 2016, and sent by regular mail, Defendants sent to Plaintiff a letter (the "Letter") enclosing a post-judgment Subpoena Dues Tecum (the "Subpoena"). Id. at ¶33. Copies of the Letter and Subpoena are annexed to the respectively to the Levy Declaration as Exhibits "A" and "B".**

Defendants deny that Nierman or LOHN engaged in any activity that caused the subject letter (the "Letter") to be created or mailed and that third-party agents of ROJ may have generated and mailed the Letter without knowledge or consent of Nierman, ir LOHN. (Nierman Dep. 121:3 – 123:22.)

12. **The judgment referenced in the Letter and Subpoena which Defendants attempted to collect from Plaintiff was purportedly issued by the Civil Court of**

the City of New York, New York County Civil Court (the "Civil Court Judgment") and related to a defaulted real property tenancy. (See Nierman Dec. at ¶ 25 and Exhibit "B").

Admit.

13. **The Civil Court Judgment relates to a residential real property tenancy for unpaid rent. (See Levy Dec. at ¶3).**

Deny knowledge and information sufficient to form a belief. Plaintiff denies recalling the incident that led to the Judgment being entered against him with Levy's consent. Due to the fact that the Judgment was entered in Housing Court, it is reasonable to assume that the Judgment relates to unpaid rent. However, it is unclear whether the Judgment was entered due to unpaid rent for residential or commercial property. Plaintiff retains the burden of proving to the trier of fact that in this context he is a "consumer" as defined by the FDCPA.

14. **Both the Letter and Subpoena are addressed to Mr. Levy in Miami, Florida. (See Nierman Dec. at ¶ 25 and Exhibit "B").**

Admit.

15. **According to Nierman during his deposition testimony (the "Nierman Dep.")1 , the Letter and Subpoena were mailed to Mr. Levy, in Florida, by ROJ, with the authority of Nierman and LOHN, but without Nierman and LOHN's ever having reviewed the Letter and Subpoena. See, Nierman TR. at 121:3 – 123:22.**

Deny. In the subject testimony, Nierman makes it very plain that he did *not* send the Letter and did not know that it was being created or sent. Nierman never gave his authority for the Letter to be created or sent to the Plaintiff. (Nierman Dep. 121:3 – 123:22.)

16. **The Subpoena is addressed to Mr. Levy in Florida and "command[s]" Mr. Levy "to appear and attend before Recovery of Judgment at 39 West 29 th Street, Suite 612, New York, New York 10001 on December 26, 2016 at 10:00 AM". See Exhibit "B" to Levy Dec**.

    Deny that the subject document is an enforceable subpoena.

17. . **December 26, 2016 was the day after Christmas, a state and federal holiday. Id**

    Deny that December 26, 2016 was an officially recognized State or Federal holiday.

18. **The subpoena further "command[s]" Mr. Levy to bring with him comprehensive financial documentation, including "statements for bank accounts. . . . debtor has maintained in the past five (5) years", "all federal and state tax returns for the past five years". Id.**

    Deny that the subject document is an enforceable subpoena

19. . **The Subpoena also contains a restraining notice stating that Mr. Levy is "forbidden to make or suffer any sale, assignment, transfer, or interference with any property in which [he] ha[s] an interest, except upon direction of the sheriff**

or pursuant to an order of the court until the aforesaid judgment is satisfied or vacated." Id.

Deny that the subject document is an enforceable subpoena

20. . **The restraining notice further states that "Disobedience of this Restraining Notice is punishable as a contempt of court." Id.**

Deny that the subject document is an enforceable restraining notice.

21. . **The subpoena states "FINAL NOTICE" in large letters across each page. Id. 1 A copy of the Nierman Dep. Transcript is annexed as Exhibit "B" to the Rothfarb Dec. (the "Nierman TR.").4**

Deny that the subject document is an enforceable subpoena

.