**SCHLANGER LAW GROUP LLP**

June 30, 2023

**VIA ECF**

Hon. Judith C. McCarthy
United States District Court – S.D.N.Y.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

> **Re:**   *Levy v. Law Offices of J. Henry Nierman, et al.*
> **Index:**   17-cv-4022 (NSR)(JCM)

Your Honor:

My firm is counsel to Plaintiff Shaul Levy in the above-referenced action. We write briefly to oppose the June 30, 2023 letter filed by defense counsel seeking, for the second time, an extension related to the briefing schedule set by Your Honor at the close of the Inquest Hearing. Simply put, defense counsel has not shown good cause for the extension.

As an initial matter, Plaintiff's counsel previously advised counsel for Defendants, because Tuesday, July 4, 2023 is a holiday, Plaintiff consented to extend the response deadline to the Motion for Attorneys' Fees and Costs until Thursday, July 6, 2023, which would make up for any lost time from the observance of the Fourth of July. In that same communication, Plaintiff noted that the Court had already denied an extension related to the post-Inquest briefing schedule.

Second, defense counsel was previously advised by the Court of the expedited submission calendar and agreed to abide by it. At the close of the Inquest held on June 12, 2023, Your Honor set the briefing without any objection to the response timing by Defendants. To the contrary, defense counsel indicated that he was ready to proceed on the given schedule. *See* Docket Entry No. 109-2 ("Inquest Transcript").

```
THE COURT: Okay, let's talk about post-hearing
submissions. I'd like findings -- and I'm going to
ask for these fast because I want to be able to
turn this around reasonably quickly. Findings of
fact and conclusions I'd like in two weeks, so June
26. I want the application for attorneys fees on
June 26. And then any opposition to the application
for attorneys fees on July 5th. But both sides'
findings of fact and conclusions of law are due at
the same time, which is June 26. But I do want to
give defendants opportunity to respond to the
attorneys fees application.
```

**New York:**
80 Broad Street, Suite 3103
New York, NY 10004

**New Jersey:**
333 Fairview Avenue
Westwood, NJ 07675

**T.** 212.500.6114
**F.** 646.612.7996
**E.** erothfarb@consumerprotection.net

*Please use our New Jersey address for all hard copy correspondence.*

*Hon. McCarthy*
*June 30, 2023*
*2 of 2*

<pre>
                         *  *  *

        MR. SANDERS: Fair enough, Judge. I'm going to do a
        little bit of looking before I make a final
        decision, and if I need to contact Judge Román,
        I'll just do that to protect my client. **But either
        way, I'm ready to proceed on the schedule that you
        indicated.**

        THE COURT: **So June 26, findings of facts,
        conclusions of law, attorneys fees application made
        the same date, 7/5, opposition to the attorneys
        fees, no reply to the attorneys fees.** Put
        everything in the first time. For that type of
        thing, there's really no need for a reply.
        Is there anything else we need to do today?
</pre>

Docket Entry No. 109-2, at 69:21-70:7 and 74:6-16 (emphasis added).

   Third, the parties previously submitted a joint request to extend the post-Inquest submission schedule, which Your Honor unequivocally denied. *See* Docket Entry Nos. 107 and 108 (requesting and denying an extension request on consent to submit Findings of Fact and Conclusions of Law and the Motion for Attorneys' Fees and Costs, noting the narrow issue before the Court).

   Fourth, Defendants have been aware of the posture of this case, including the work that has been completed on it, for years.  Moreover, defense counsel has had months after assuming the representation in April 2023 to understand the posture of this matter and prepare for an anticipated fee petition, including by consulting his client and former defense counsel's time and billing records.  *See* Docket Entry No. 106.  There is nothing novel about the issues raised in the pending motion for fees and costs is that this matter. *See* Docket Entry Nos. 111-115.  Further, Defendants' counsel is also no stranger to this area of law, having nearly 40 years of experience serving all aspects of the credit and collections industry.[1]

   For the reasons set forth above, we request that the Court deny Defendants' second request for extension to modify the post-Inquest briefing schedule, either in whole or in part.

Respectfully,

*/s/Evan S. Rothfarb*
Evan S. Rothfarb

cc: all counsel of record (via ECF)

---

[1] https://bn-lawyers.com/attorneys/arthur-sanders/ (last accessed June 30, 2023).