USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/27/2023__

**MEMORANDUM ENDORSEMENT**

<u>Levy v. Law Offices of J. Henry Nierman et al</u>, 17-cv-4022 (NSR)

      The Court is in receipt of the attached letters from Defendants, dated August 18, 2023 and September 21, 2023, seeking leave to file a motion to dismiss for lack of standing, and Plaintiff, dated September 12, 2023, opposing leave.

      Upon review of the attached letters, the Court waives the pre-motion conference requirement and grants Defendants leave to file their motion in accordance with the following briefing schedule:

(1) Defendants' moving papers are to be served (not filed) on November 17, 2023;
(2) Plaintiff's opposition papers are to be served (not filed) on December 20, 2023; and
(3) Defendants' reply papers are to be served on January 4, 2024.

All motion papers are to be filed by the parties on the reply date, January 4, 2024. The parties are directed to provide Chambers with two physical courtesy copies of their motion papers on the same date they are served on opposing counsel. The parties are further directed to provide the Court with an electronic courtesy copy of the motion papers as they are served.

      The Clerk of Court is respectfully directed to terminate the motion at ECF No. 127.

DATED: September 27, 2023

White Plains, NY

SO ORDERED:

_____
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE



**BARRON & NEWBURGER, PC**

**Arthur Sanders**
*Attorney*

Office 845-499-2990 | E-Mail: asanders@bn-lawyers.com

August 18, 2023

Hon. Nelson S. Roman
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   Shaul Levy v. Law Offices of J. Henry Nierman, et al.
      Docket No. 17-cv-04022

Dear Judge Roman:

This letter is written in compliance with the August 10, 2023, Order from Magistrate McCarthy, which directed the defendants to contact the court to seek permission to file a Motion to Dismiss for Lack of Standing.

The parties never squarely addressed the issue of standing under Article III of the U.S. Constitution despite the age of this case. Indeed, the issue did not emerge until the U.S. Supreme Court's decision of *TransUnion v. Ramirez*, 141 S. Ct. 2190 (2021).

Briefing on the competing Motions for Summary Judgement was completed on April 30, 2021, about two months before the *TransUnion* case was decided by the U.S. Supreme Court and the Opinion & Order of this Court was issued on December 8, 2022, well after the U.S. Supreme Court issued its ruling. The parties never attempted to bring the standing issue to the Court's attention before the Opinion was handed down.

The undersigned was not retained until sometime after this Court's Opinion and noticed fairly quickly that the issue had never been briefed.

The referral to Magistrate McCarthy was on the issue of emotional distress damages and did not include the issues regarding standing. Plaintiff's apparent lack of any concrete injury was never the focus of this case until the undersigned was retained.

As the Court is aware, Article III Standing is a jurisdictional defense that cannot be waived and can be asserted at any stage of the litigation. *See Carter v. Healthport Tech*, LLC, 822 F.3d 47, 56 (2d Cir. 2016).

Defendants would like the opportunity to move forward with their anticipated Motion to Dismiss.



Hon. Nelson S. Roman
08/18/2023
Page # 2

We await the Court's direction.

Sincerely,

BARRON & NEWBURGER, P.C.

By: Arthur Sanders

as/bmm

Cell: (845) 548-2213 | Fax: (845) 499-2992 | 30 South Main Street | New City, NY 10956 | bn-lawyers.com

**SCHLANGER LAW GROUP LLP**

August 30, 2023

**VIA ECF**

Hon. Nelson S. Roman
U.S. District Court - S.D.N.Y.
300 Quarropas St.
White Plains, NY 10601-4150

      **Re:**      *Levy v. Law Offices of J. Henry Nierman, et al.*
      **Civil Action No.:**      17-cv-4022 (NSR)(JCM)

Your Honor:

      My firm is counsel to Plaintiff Shaul Levy in the above-referenced action. Following the Order of Magistrate Judge McCarthy dated August 10, 2023 (Docket Entry No. 125), Defendants Law Offices of J. Henry Nierman, J. Henry Nierman, and Recovery of Judgment LLC submitted a letter to Your Honor requesting permission to file a motion to dismiss based on Defendants' contention that Plaintiff does not have standing under Article III in this matter. *See* Docket Entry No. 127. Defendants' position regarding standing is contrary to the evidence presented at the damages inquest and is nothing more than a belated attempt to derail these proceedings, which have been pending for over six years and include a finding of liability against all Defendants. *See* Docket Entry No. 93. The Court should not grant leave for Defendants to file their motion, which is fatally flawed. *See* Docket Entry No. 124 (reflecting that Defendants' arguments have no merit).

      The facts underlying the FDCPA violations in this matter have conclusively determined by this Court:

> By letter dated December 10, 2016 and post-marked December 13, 2016, Plaintiff received, via regular mail at his Florida address, a letter (the "Letter") and purported post-judgment *subpoena duces tecum* (the "Subpoena") . . . . The Subpoena commanded Plaintiff to appear at a deposition before ROJ on December 26, 2016, a federal holiday, at 10:00 A.M. at an address in New York City and to bring comprehensive financial documentation, including "statements of bank accounts . . . debtor has maintained in the past five (5) years" and "all federal and state tax returns for the past five years." . . . The Subpoena stated that failure to comply "is punishable as a contempt of court" and indicated "FINAL Notice" across each page.

*See* Docket Entry No. 93, at 2-3.

      Defendants argue that these facts, as well as the facts adduced at the inquest, are insufficient to create a concrete injury in the wake of *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021).

**New York:**
80 Broad Street, Suite 3103
New York, NY 10004

**Westchester County:**
600 Mamaroneck Avenue Suite 400
Harrison, NY 10528

**T.** 212.500.6114
**F.** 646.612.7996
**E.** erothfarb@consumerprotection.net

*Please use our Westchester County address for all hard copy correspondence.*

However, both before and after *TransUnion*, "courts in this Circuit generally have recognized that emotional distress damages can constitute 'actual damages' under the FDCPA." *Polanco v. NCO Portfolio Mgmt.*, No. 11-cv-7177 (LJL), 2020 U.S. Dist. LEXIS 32811, at *3-4 (S.D.N.Y. Feb. 26, 2020); *see also Kohli v. Indep. Recovery Res., Inc.*, No. 17-CV-3154 (RLM), 2021 U.S. Dist. LEXIS 260674, at *11 (E.D.N.Y. Nov. 29, 2021) ("Under the FDCPA, a plaintiff may recover actual damages for emotional distress."); *Cooper v. Viking Acquisitions LLC*, No. 21-CV-01255(JLS)(JJM), 2022 U.S. Dist. LEXIS 204679, at *5 (W.D.N.Y. Nov. 9, 2022) ("Actual damages under the FDCPA includes both economic and emotional damages."); *Conboy v. AT&T Corp.*, 84 F. Supp. 2d 492, 507 (S.D.N.Y. 2000) ("emotional distress damages are recoverable in cases alleging a violation of the FDCPA"); *Gomez v. Resurgent Capital Services, LP*, 129 F. Supp. 3d 147, 153 (S.D.N.Y. 2015) (finding that there is no cap on emotional distress damages in FDCPA cases).

Defendants have pointed to no authorities undermining this fundamental principle of FDCPA jurisprudence. *Compare Laufer v. Ganesha Hosp. LLC*, No. 21-995, 2022 U.S. App. LEXIS 18437, at *7 (2d Cir. July 5, 2022) ("stress, anxiety, and mental anguish are harms that may support Article III standing . . . ."); *Haynes v. Transunion*, No. 19-CV-7157(JS)(ARL), 2021 U.S. Dist. LEXIS 141023, at *11 (E.D.N.Y. July 28, 2021) ("The Court agrees, as there can be little doubt that emotional harm has long been regarded as a harm providing a basis for a lawsuit in English and American courts") (internal quotation and citation omitted); *Vazzano v. Receivable Mgmt. Servs., LLC*, 621 F. Supp. 3d 700, 707 and 709 (N.D. Tex. 2022) (noting case law recognizing "in the context of the FDCPA, courts have found emotional harm sufficient for Article III standing" and finding unwanted mailings and phone calls sufficiently confer standing on an alternative basis under the FDCPA).

Plaintiff has demonstrated cognizable emotional distress injury tied to the FDCPA violations previously found in this matter under §§ 1692e(5) and 1692e(13). *See* Docket Entry No. 93, at 23. Plaintiff's testimony at the inquest, which is both unrebutted and corroborated, established that after he received the unlawful Letter and Subpoena issued by Defendants, he believed that he could be arrested/imprisoned and/or face a fine, a terrifying experience which caused Plaintiff to wake in the middle of the night, lose sleep, disengage from providing care for his wife and infant child, change his affect and daily behavior, and seek increased support from his sponsor to prevent the recurrence of past alcoholism. Docket Entry No. 110, ¶¶13 and 21-41; *see also Lowell v. Lyft, Inc.*, 2022 U.S. Dist. LEXIS 230863, at *14 (S.D.N.Y. Dec. 22, 2022) (holding a court may look beyond pleadings to assess standing during later stages of the proceedings).

Plaintiff's belief of the dire consequences of disobedience of an unlawful subpoena was not mere confusion or conjecture— the Subpoena stated that a failure to comply "is punishable as a contempt of court" and indicated "FINAL Notice" across each page. Docket Entry No. 110, ¶12; Docket Entry No. 90, Ex. B. The accompanying Letter specifically stated that a failure to comply with a subpoena could result in sanctions, fines, or imprisonment. Docket Entry No. 90, Ex. B.

Plaintiff's fear was in proportion to the stimulant, a communication issued in violation of the FDCPA falsely representing itself as legal process signed by an admitted attorney. *See* Docket Entry No. 93, at 15 ("Here, it is clear that the Subpoena threatens imminent legal action, as it

commanded Plaintiff to appear before a deposition on short notice and produce documents for examination, and indicated that failure to comply with the Subpoena is punishable as a contempt of court."). Plaintiff's fear and observable changed behavior, which included physical manifestations such as sleep loss, was corroborated by witness testimony from Tessa Levy and remains unrebutted by any evidence or testimony proffered by Defendants. *See* Docket Entry No. 110, ¶¶33-41.

Defendants seek leave to submit a motion to dismiss based on standing. However, the inquiry was satisfied at the damages inquest where Plaintiff provided unrebutted evidence of the emotional distress he suffered resulting from Defendants' FDCPA violations.[1] Moreover, the parties' prior submissions on the issue of standing provide this Court with ample bases to deny Defendants' proposed motion at inception without further briefing. *See* Docket Entry No. 109-1, at 6; Docket Entry No. 124.

For the foregoing reasons, as well as the reasons articulated in the parties' prior submissions regarding standing, Defendants' request for leave to file a motion to dismiss based on standing should be denied and this Court should direct Magistrate Judge McCarthy to conclude the inquest on damages in this matter.

Respectfully,

*/s/Evan S. Rothfarb*

Evan S. Rothfarb

cc: all counsel of record

---

[1] Briefing on standing will necessarily involve the evidentiary record of the inquest on emotional damages. However, the findings of the Court resulting from that proceeding are *sub judice*. Thus, if Defendants are granted leave to file a motion to dismiss, before the Court has determined the facts, the parties will continue arguing about what was or was not demonstrated at the inquest.



**BARRON & NEWBURGER, PC**



Arthur Sanders
*Attorney*

Office 845-499-2990 | E-Mail: asanders@bn-lawyers.com

September 21, 2023

Hon. Nelson S. Roman
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: Shaul Levy v. Law Offices of J. Henry Nierman, J. Henry Nierman & Recovery of Judgment, LLC
   Docket No. 17-cv-04022

Dear Judge Roman:

As you know, this office represents the defendants in the above-captioned matter. This letter is written in response to plaintiff's filing of August 30, 2023. The Court directed that defendants' response be filed, originally by September 8, 2023, but with an extended deadline of September 22, 2023.

Plaintiff's filing of August 30, 2023, was not an adequate response to defendants' filing of August 18, 2023, as it did not contradict defendants' assertion that the issue of standing was never briefed by the parties. As the Court is aware, briefing on the summary judgment motion was completed by April 2021, prior to the decision of TransUnion, LLC v. Ramirez, 141 S. Ct. 2190 (2021) and the parties did not notify the Court of the TransUnion decision while the summary judgment motion was pending. The Court eventually dismissed some of plaintiff's causes of action but found for the plaintiff with respect to other causes of action related to the FDCPA. No damages finding was made in the summary judgment ruling except for a finding of statutory damages in the amount of $500.00. The Court referred the matter to Magistrate McCarthy for an inquest on the issue of emotional distress damages as it was not satisfied that plaintiff demonstrated actual damages in his motion.

In filings submitted to Magistrate McCarthy after the inquest, we have pointed out plaintiff's past failures to even allege any actual damages, based upon emotional distress. These failures, on behalf of plaintiff's counsel were evident on January 3, 2018, when plaintiff's counsel moved for a default judgment to be entered against the defendants and made no mention of any actual damages except for plaintiff's hiring of counsel. Similarly, on June 14, 2018, an additional filing by plaintiff's counsel calculated plaintiff's damages at $4,000.00, which consisted of $1,000.00 in statutory damages and $3,000.00 in legal fees incurred by the plaintiff. There was no calculation for any damages for emotional distress as the issue was not even contemplated.



Hon. Nelson S. Roman
09/21/2023
Page # 2

Defendants believe that our recent filings, after the inquest, gives the Court sufficient basis to rule in favor of defendants, due to plaintiff's lack of any concrete injury. Nonetheless, defendants are willing to supplement their previous filings or proceed with a new motion, incorporating all prior arguments, as the Court may prefer.

We thank the Court for its consideration.

Sincerely,

BARRON & NEWBURGER, P.C.

By: Arthur Sanders

as/bmm