```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/20/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAUL LEVY,

                        Plaintiff,

  -against-

LAW OFFICES OF J. HENRY NIERMAN, J.
HENRY NIERMAN, AND RECOVERY OF
JUDGMENT, LLC,

                        Defendants.

No. 17-cv-4022 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

      Shaul Levy ("Plaintiff") brings this action against the Law Offices of J. Henry Nierman ("LOHN"), J. Henry Nierman, and Recovery of Judgment LLC ("ROJ") (collectively, "Defendants"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). (*See* ECF No. 1 ("Compl.").) Presently before the Court is the Defendants' motion (the "Motion") to dismiss Plaintiff's FDCPA claim for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 140.)

      For the following reasons, Defendants' Motion is DENIED.

## BACKGROUND

### I. Factual Background

      Plaintiff is an individual residing in Miami Beach, Florida. (Pl.'s 56.1 ¶ 1.) Defendant J. Henry Nierman ("Nierman") is a solo practitioner at LOHN. Nierman was a co-founder and employee of ROJ. (ECF No. 84-2 ("Nierman Decl.") ¶ 14.) In or around 2015, Nierman became the 100% owner of ROJ. (*Id*; Def's Opp. to Pl.'s 56.1 ¶¶ 7, 9.) Through ROJ, Nierman practiced

1

judgment execution, and many of the judgments brought to ROJ for execution were ultimately assigned to ROJ. (Nierman Decl. ¶¶ 16–17.)

By letter dated December 10, 2016 and post-marked December 13, 2016, Plaintiff received, via regular mail at his Florida address, a letter (the "Letter") and purported post-judgment *subpoena duces tecum* (the "Subpoena"), which was issued in relation to a $13, 990.98 judgment awarded in a New York City Civil Court case, Morrison v. Levy, No. 056136/2010 ("*Morrison* Judgment"). (*See* Pl.'s 56.1 ¶ 11; ECF No. 88 ("Levy Decl."), Exs. A–B.) The Subpoena commanded Plaintiff to appear at a deposition before ROJ on December 26, 2016, a federal holiday, at 10:00 A.M. at an address in New York City and to bring comprehensive financial documentation, including "statements of bank accounts . . . debtor has maintained in the past five (5) years" and "all federal and state tax returns for the past five years." (Pl.'s 56.1 ¶¶ 16–18.) The Subpoena stated that failure to comply "is punishable as a contempt of court" and indicated "FINAL Notice" across each page. (Levy Decl., Exh. B.)

Following receipt of the Letter and Subpoena, Plaintiff retained the Schlanger Law Group, LLP (then known as Kakalec & Schlanger, LLP) to represent him in defending against the *Morrison* Judgment for a flat fee of $3,000. (ECF No. 89, Ex. A.) The retainer did not cover the representation of Plaintiff in any affirmative FDCPA matter, but rather only "in attempting to have the judgment taken against [Plaintiff] in the [*Morrison* Judgment] vacated and the case dismissed." (*Id.* at 1.) Counsel for Plaintiff followed up with Nierman indicating that Plaintiff did not recognize the underlying action, and during a conversation on December 26, 2016, Nierman indicated that he would send the underlying court file. (Compl. ¶ 42.) Plaintiff's counsel followed up on the request via email on January 12, 2017, but Nierman did not respond. (Compl. ¶¶ 43–44.) Plaintiff's counsel conducted an independent search and failed to identify the underlying action listed in the

subpoena, and conferred with New York Civil and Supreme Court Clerk's office, who likewise could not identify the underlying action. (*Id*. ¶¶ 45–46.)

## II. Procedural Background

Plaintiff filed the instant action on May 30, 2017. (*See* ECF No. 1.) On November 6, 2020, Defendants sought and were granted leave to file a summary judgment motion, as was Plaintiff to file a cross-summary judgment motion. In an opinion dated December 8, 2022, the Court found, *inter alia*, that the Plaintiff was entitled to summary judgment on his Section 1692e(5) and e(13) FDCPA claims. (ECF No. 93 at 23.) Furthermore, the Court awarded statutory damages under 15 U.S.C. § 1692k(a)(2)(A) of $500.00 and referred the valuation of Plaintiff's actual damages based on emotional harm to an inquest proceeding. (*Id.* at 24.)

The inquest proceeding was held on June 12, 2023. Following the proceeding, Defendants raised the issue of standing before Judge McCarthy, who subsequently stayed her decision on the issue of emotional distress damages until this Court made a determination on regarding standing. (*See* ECF No. 125.)

On February 19, 2024, Defendants filed the instant Motion. (ECF No. 140), as well as a memorandum of law ECF No. 141) and reply (ECF No. 144), in support thereof. Plaintiff filed an opposition to Defs.' MoL. ("Pltf.'s Opp.", ECF No. 143.)

## LEGAL STANDARD

A claim is subject to dismissal under Rule 12(b)(1) if the Court lacks subject matter jurisdiction to adjudicate it pursuant to statute or constitutional authority. *See Fed. R. Civ. P*. 12(b)(1); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Where a party lacks standing to bring a claim, the court lacks subject matter jurisdiction over such claim. *See SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020); *see also Anderson Grp., LLC v. City of*

*Saratoga Springs*, 805 F.3d 34, 44 (2d Cir. 2015) (standing is "threshold matter" in determining District Court's jurisdiction to hear case).

Article III standing requires a plaintiff to demonstrate that: (1) he has suffered a "concrete and particularized injury"; (2) the injury "is fairly traceable to the challenged conduct"; and (3) the injury "is likely to be redressed by a favorable judicial decision." *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). A plaintiff bears the burden of demonstrating his standing, *Lujan*, 504 U.S. at 561, including that he suffered a "concrete harm," *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2200 (2021), by a preponderance of the evidence, *Seaman v. National Collegiate Student Loan Trust 2007-2*, 2023 WL 6290622, at *7 (S.D.N.Y., 2023). The Supreme Court in *TransUnion* held that, although Congress creates causes of action for violation of legal prohibitions or obligations, "under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court," *id.*, 141 S.Ct. at 2205 (emphasis in original). As summarized in that decision, "no concrete harm, no standing," *id.* at 2200, 2214.

## DISCUSSION

The Court considers the threshold issue whether, pursuant to Article III, Plaintiff has constitutional standing to assert his FDCPA claims. Plaintiff asserts two types of allegedly concrete harms in support of standing: (1) his out-of-pocket loss of $3,000 to retain counsel to defend him against the *Morrison* Judgment; and (2) his emotional damages, "including sleep loss, anxiety, marked changed of affect, disengagement from his wife and infant child, and increased assistance from his sponsor to prevent recurrence of previous alcoholism." (Pltf.'s Opp. at 1.) The

4

Court finds that Plaintiff has sufficiently demonstrated standing based on his out-of-pocket loss of $3,000 and denies the Defendants' Motion as a result.

I. **Out-of-Pocket Loss**

In the context of an FDCPA claim, actual damages are intended to "compensate a plaintiff for out of pocket expenses, personal humiliation, embarrassment, mental anguish, and/or emotional distress that results from defendant's failure to comply with the FDCPA." *Woods v. Sieger, Ross & Aguire, LLC*, 2012 WL 1811628, at *4 (S.D.N.Y. 2012) (quoting *Milton v. Rosicki, Rosicki & Assocs.,* P.C., No. 02 Civ. 3052, 2007 WL 2262893, at *3 (E.D.N.Y. Aug. 3, 2007)). Courts in this Circuit have repeatedly found the expense of money, such as legal fees, to determine a course of action in response to a FDCPA violation to not allege a concrete harm. *See, e.g., Mohammadb v. National Enterprise Systems, Inc.,* 2023 WL 6385765, at *2 (E.D.N.Y. 2023); *Benhayun v. Halsted Financial Services*, LLC, 2022 WL 4813538, at *2 (E.D.N.Y. 2022); *Wolkenfeld v. Portfolio Recovery Assocs., LLC*, No. 22-CV-1156 (PKC) (CLP), 2022 WL 1124828, at *2 (E.D.N.Y. Apr. 14, 2022); *Yelardy v. Miller & Milone, P.C*., 2022 WL 4813016, at *1 (E.D.N.Y. 2022). In addition, costs incurred by bringing an affirmative lawsuit based on a FDCPA violation "cannot be the sole basis for standing." *See Pollak v. Portfolio Recovery Assocs., LLC*, No. 21-CV-6738 (PKC) (RML), 2022 WL 580946, at *1 (E.D.N.Y. Feb. 24, 2022)) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108 (1998) ("[R]eimbursement of the costs of litigation cannot alone support standing.")). Only where the expense of money is "'inextricably bound up in a cognizable injury,' such as where a plaintiff faces *a sufficient risk of harm*," from the FDCPA violation, "*and then* spends time, money, and effort mitigating that risk," can such an expense constitute a concrete harm sufficient to confer standing. *See Wolkenfeld*, 2022 WL 1124828, at *2 (quoting *Pollak*, 2022 WL 580946, at *1) (emphases in original).

Here, Plaintiff has demonstrated a concrete harm flowing from the expense he incurred in retaining counsel to defend him against the *Morrison* Judgment. First, Plaintiff faced a sufficient a risk of harm – namely, imminent legal action – stemming from the unlawful Subpoena. As the Court explained in its prior opinion, the Subpoena "is captioned in the formatting typically used to file documents in New York City Civil Court" which would have given Plaintiff, "the impression that legal process is upon him." (ECF No. 93 at 15.) Furthermore, a person "receiving the Subpoena, which states 'Final Notice' across all pages, would have understood that that he/she would have to comply with its appearance and document production requests or else face court-imposed punishment." (*Id.* at 14.)

Second, it was in direct response to this Subpoena, which "compels compliance and threatens punishment for contempt of court," that Plaintiff expended $3,000 to retain defense counsel. (*See id.*) Plaintiff's retainer makes clear that the Plaintiff's flat fee "does *not* cover… representation of [him]…in an affirmative claim under the Fair Debt Collection Practices Act," and that "[a]ny such representation will have to be covered in a separate retainer agreement." (ECF No. 89, Ex. A at 1) (emphasis added). Rather, Plaintiff's expenditure was necessitated solely by Defendants' issuance of the Subpoena in contravention of the FDCPA. As this Court has previously found, an FDCPA plaintiff who has been the subject of an "improper lawsuit" can assert standing on the basis of "legal fees and related costs incurred in the [underlying] action." *See Seaman v. National Collegiate Student Loan Trust 2007-2*, 2023 WL 2975152, at *23 (S.D.N.Y. 2023); *see also Amalfitano v. Rosenberg*, 428 F. Supp. 2d 196, 198, 211 (S.D.N.Y. 2006) (attorney who had "brought suit against plaintiffs despite knowing that it was entirely baseless" was liable to plaintiffs in damages for their costs incurred "in defending themselves against an action which was founded upon [a] deceitful premise"), *aff'd*, 572 F.3d 91 (2d Cir. 2009). Accordingly, the fact

that Plaintiff was the subject of the improper Subpoena and "incurred costs to hire a lawyer to defend against [D]efendant[s'] debt collection lawsuit…[is] sufficient to establish a concrete harm and thereby afford this [C]ourt standing to address [P]laintiff's lawsuit." *See Durden v. DNF Associates LLC*, 2023 WL 2482638, at *2 (W.D.N.Y., 2023) (citing *Johnson v. Hunter Warfield, Inc.*, 22-CV-122, 2022 WL 1421815, at *2 (N.D.N.Y. May 5, 2022) (finding plaintiff's allegations that defendant's conduct incurred costs, loss of credit opportunities and stress sufficient to establish standing)).

Defendants rely on inapposite cases in support of their arguments against standing. The plaintiffs in these cases either incurred expenses only to help determine, not take, a course of action, *see Mohammadb*, 2023 WL 6385765, at *2; *Benhayun*, 2022 WL 4813538, at *2, or sought mere advice, not representation, from an attorney, *see Yelardy*, 2022 WL 4813016, at *2. In addition, these plaintiffs only alleged harm in the form of a "risk[]" of "hiring an attorney," *see Cavazzini v. MRS Associates*, 574 F.Supp.3d 134, 143 (E.D.N.Y. 2021), or through consulting an previously-retained attorney, *see Clarke v. McCabe, Weisburg & Conway*, LLC, 2022 WL 3030347, at *2 (E.D.N.Y. 2022). All of these situations are distinguishable from the case at bar. Here, Plaintiff incurred legal fees as a result of retaining new counsel to actively defend him against the *Morrison* Judgment. His expenses, in the form of a flat fee, included appearance by counsel in any hearings and subsequent motion practice. (ECF No. 89, Ex. A at 1.) *Cf. Steinmetz v. Allied Interstate, LLC*, 2022 WL 2716338, at *3 (E.D.N.Y., 2022) (rejecting standing based on "plaintiff's vague claim that he had to 'spend time and money'" because "plaintiff does not explain how or on what he spent 'time and money.'"). As Plaintiff contends, his "legal fees ha[ve] a clear nexus to the issuance of the Letter and Subpoena by Defendants," (Ptlf.'s Opp. at 9) and are therefore "inextricably bound up in a cognizable injury," *See Wolkenfeld*, 2022 WL 1124828, at

*2 (quoting *Pollak*, 2022 WL 580946, at *1). The cost incurred by Plaintiff of hiring an attorney to defend him against the *Morrison* Judgment is sufficient to satisfy the injury-in-fact requirement.

In sum, Plaintiff has satisfied his burden to establish standing. "When the claimed injury is physical, monetary, or a traditional intangible harm like emotional distress, concreteness is easily established." *Cavazzini*, 574 F.Supp.3d at 140. Legal fees which resulted from Defendants' FDCPA violations constitute a cognizable monetary harm, and therefore "the Court's standing inquiry need go no further than Plaintiff's uncontested $3,000 out-of-pocket loss," (Pltf.'s Opp. at 6). Defendants' Motion is consequently denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED. This matter is re-referred to Judge McCarthy for an inquest on emotional damages, Plaintiff's $3,000 legal fee, and the issue of attorneys' costs and fees. The Court directs Plaintiff to notify Judge McCarthy's chambers of this Opinion and Order.

The Clerk of Court is kindly directed to terminate the motion at ECF No. 140.

SO ORDERED:

Dated: May 20, 2024
White Plains, New York

NELSON S. ROMÁN
United States District Judge