UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAUL LEVY,

            Plaintiff,

     v.

LAW OFFICES OF J. HENRY NIERMAN;
J. HENRY NIERMAN; and
RECOVERY OF JUDGMENT LLC,

            Defendants.

Case No.: 17-cv-4022 (NSR) (JCM)

---

### DECLARATION OF EVAN S. ROTHFARB
### IN SUPPORT OF PLAINTIFF'S SUPPLREMENTAL REQUEST
### FOR ADDITIONAL ATTORNEYS' FEES

---

     Evan S. Rothfarb, an attorney duly licensed to practice law in the State of New York and admitted to practice in this Court, does hereby affirm under the penalty of perjury:

     1.     I am a partner at Schlanger Law Group, LLP, lead counsel for Plaintiff and, as such, am familiar with the facts and documents relevant to this dispute.

     2.     I make this supplemental Declaration in support of Plaintiff's request for an additional award of $48,240 in attorneys' fees.[1]

     3.     Specifically, I make this declaration to account for additional work that was necessitated by Defendants' recent attempt to dismiss the case after seven years of litigation, which

---

[1] Plaintiff does not seek reimbursement of additional expenses as part of this supplemental award request.

required multiple rounds of briefing and pre-motion litigation before both the Magistrate Judge and District Judge.

4. This declaration is offered as a supplement only. Plaintiff incorporates his original motion for attorneys' fees and costs and all supporting declarations and exhibits thereto. *See* ECF 111 through 115.

### Procedural History Following Inquest Hearing

5. At the Inquest Hearing held on June 12, 2023, Defendants first mentioned a challenge to standing pursuant to Article III of the U.S. Constitution. See ECF 74, at 70:14-74:10.

6. In the Findings of Fact and Conclusions of Law filed by Defendants on June 26, 2023, Defendants again raised the issue of standing. ECF 109-1.

7. By Order dated July 24, 2023, the Court provided Plaintiff with an opportunity to respond to Defendants' argument concerning standing. ECF 121.

8. On August 2, 2023, Plaintiff submitted a supplemental Memorandum of Law in Support of Standing. ECF 124.

9. By Order dated August 10, 2023, Magistrate Judge McCarthy directed the Defendants to present their request to move to dismiss based on lack of standing to Judge Román. ECF 125.

10. On August 18, 2023, Defendants filed their pre-motion letter seeking dismissal of the case for lack of standing. ECF 127.

11. On September 1, 2023, Plaintiff filed his pre-motion letter in support of standing. ECF 130.

12. By order dated September 1, 2023, Judge Román directed Defendants to reply to Plaintiff's pre-motion letter opposing dismissal based on standing. ECF 131.

13. On September 21, 2023, Defendants filed their pre-motion reply letter seeking dismissal based on lack of standing. ECF 134.

14. By Order dated September 27, 2023, Judge Román granted Defendants leave to file a motion to dismiss premised on Plaintiff's purported lack of standing. ECF 135.

15. On February 19, 2024, Defendants' motion to dismiss, Plaintiff's opposition, and Defendants' reply were filed as a bundled motion. ECF 140 through 144.

16. By Opinion and Order dated May 20, 2024, Judge Román denied Defendants' Motion to Dismiss and re-referred the matter to Magistrate Judge McCarthy for an inquest on emotional damages, Plaintiff's $3,000 legal fee, and a determination of the attorneys' costs and fees to be awarded. ECF 145.

17. On May 29, 2024, the Court directed Plaintiff's counsel to provide any supplementation of his motion for attorneys' fees and costs. ECF 148.

**Supplemental Request for Attorneys' Fees**

18. To account for the additional work necessitated by Defendants' litigation choices,[2] the supplemental time records of Schlanger Law Group, LLP are attached as **Exhibit A**.

19. As reflected in these time records, as well as the Court's records, the additional litigation caused by Defendants' belated motion challenging Plaintiff's standing compelled significant additional work to be performed by Plaintiff's counsel as well as this Court (resulting in more than twenty additional docket entries in this case).

---

[2] At the Inquest Hearing on June 12, 2023, Plaintiff's counsel explicitly stated that he would seek supplemental attorneys' fees in connection with any additional motion practice resulting from Defendants' belated motion seeking dismissal based on lack of standing. *See* ECF 110-1, at 74:17-23. Thus, Defendants knew precisely the risk they were taking in seeking to prolong these proceedings through vigorous motion practice.

20. As with our original motion for attorneys' fees and costs (ECF 111 through 115), prior to submitting these records, we exercised billing judgment and deleted numerous entries that reflected work of an overly clerical nature. In addition, we reduced the amount of time shown where, in our view, an entry reflected inefficiency or duplication of effort.

21. Again, these figures also do not include over 70 hours of Schlanger Law Group, LLP staff time that have been written off as a matter of billing judgment, including additional time incurred post-Inquest Hearing that has been written off.

22. As stated in connection with the prior motion, Schlanger Law Group, LLP's work on this matter has caused it to forego other litigation opportunities that involved much better odds of recovery.

23. Further, the work itself in this matter has been complex and required a high level of skill. As Defendants noted, Article III standing in FDCPA matters has quickly evolved following the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2001), and in many of those matters, Courts have declined jurisdiction. *See* ECF 141.

24. Significantly, it remains an immutable fact that the work on this matter by Plaintiff's counsel has been necessitated by Defendants' litigation choices, including their refusal to accede to an early default judgment, their steadfast refusal to settle, and their vigorous defense of their conduct, *i.e.*, sending an unenforceable subpoena designed to terrify the Plaintiff in violation of the FDCPA. *See Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005) ("in litigating a matter, an attorney is in part reacting to forces beyond the attorney's control, particularly the conduct of opposing counsel and of the court. If the attorney is compelled to defend against frivolous motions . . . or for wasteful, time-consuming court appearances, the hours required to litigate even a simple matter can expand enormously."); *Douyon v. NY Med. Health*

*Care, P.C.*, 49 F. Supp. 3d 328, 341-42 (E.D.N.Y. 2014) (noting that defendant's disregard of applicable rules, decision not to settle and other litigation decisions had driven up fees and reaffirming that "[i]t is well settled that parties cannot litigate tenaciously and then be heard to complain about the time necessarily spent by its adversary in response.") (cleaned up).

25. Schlanger Law Group, LLP's supplemental lodestar calculations as set forth in **Exhibit A** are summarized as follows:

| Team Member | Hours | Rate | Total |
|---|---|---|---|
| Daniel A. Schlanger | 0.2 | $ 450.00 | $90.00 |
| Evan S. Rothfarb | 107.0 | $ 450.00 | $48,150.00 |
| **Total** | **107.2** | | **$48,240.00** |

26. Accordingly, Plaintiff seeks $48,240 for the additional litigation principally resulting from Defendants' challenge to Plaintiff's standing in this matter.

27. In total, Plaintiff now requests total fees of $187,662.50 and total costs of $5,924.87, for a total of $193,587.37 (incorporating the amounts in ECF 111 through 115).[3]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 12, 2024

                                    */s/ Evan S. Rothfarb*
                                    Evan S. Rothfarb
                                    SCHLANGER LAW GROUP, LLP
                                    80 Broad Street, Suite 3103
                                    New York, NY 10004
                                    T: 212-500-6114
                                    F: 646-612-7996
                                    E: erothfarb@consumerprotection.net

                                    *Counsel for Plaintiff*

---

[3] A Reply was not contemplated by the Court in support of Plaintiff's original motion for attorneys' fees and costs. *See* ECF 110-1, at 74:11-15. Thus, we do not respond here to arguments raised by Defendants in their opposition seeking a drastic fee reduction (*see* ECF 119 and 120), though we vigorously contest Defendants' positions.