USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/24/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAUL LEVY,

                Plaintiff,

    -against-

LAW OFFICES OF J. HENRY NIERMAN, J. HENRY NIERMAN, AND RECOVERY OF JUDGMENT, LLC,

                Defendants.

---

No. 17-cv-4022 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Shaul Levy ("Plaintiff") brings this action against the Law Offices of J. Henry Nierman ("LOHN"), J. Henry Nierman, and Recovery of Judgment LLC ("ROJ") (collectively, "Defendants"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (*See* ECF No. 1.) On February 19, 2024, Defendants filed a motion to dismiss Plaintiff's FDCPA claim for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 140.) On May 20, 2024, the Court denied Defendants' motion to dismiss and referred the matter to Magistrate Judge Judith C. McCarthy for an inquest on emotional damages and attorney's fees and costs. (*See* ECF No. 145.)

Now pending before the Court is a Report and Recommendation ("R&R") issued by Judge McCarthy, pursuant to 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure Rule 72(b), recommending that Plaintiff be awarded $8,000.00 in actual damages, $500.00 in statutory damages, $103,214.37 in attorney's fees, and $5,924.87 in costs, for a total award of $117,639.24. (ECF No. 154.) Defendants made no objections to the R&R. For the following reasons, the Court

adopts the R&R, and awards Plaintiff $8,000.00 in actual damages, $500.00 in statutory damages, $103,214.37 in attorney's fees, and $5,924.87 in costs, for a total award of $117,639.24.

## BACKGROUND

The Court presumes familiarity with the factual and procedural background of this case. Plaintiff commenced the instant action on May 30, 2017. (ECF No. 1.) The parties cross-moved for summary judgment in 2021, (ECF Nos. 84, 85, 86, 87, 91, 92), and on December 8, 2022, the Court entered judgment for Plaintiff on his FDCPA § 1692e(5) and (13) claims, (ECF No. 93 at 3-4, 23-24). The Court also awarded Plaintiff $500.00 in statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and referred the case to Judge McCarthy for an inquest on actual damages and attorney's costs and fees. (*Id.* at 24.) Judge McCarthy held an inquest on June 12, 2023. (*See* June 12, 2023 Minute Entry.) At the end of the hearing, Defendants sought leave to file a motion to dismiss the case on standing grounds. (ECF No. 109-1 at 9.) The Court granted leave and Defendants filed their motion to dismiss on February 19, 2024. (ECF No. 140.) On May 20, 2024, the Court denied Defendants' motion and re-referred the case "for an inquest on emotional damages, Plaintiff's $3,000.00 legal fee, and the issue of attorney's costs and fees." (ECF No. 145 at 8.)

## STANDARDS OF REVIEW

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews de novo the

2

parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error. *Schiff v. Yayi Int'l Inc.*, No. 15-CV-359 (VSB), 2020 WL 3893345, at *2 (S.D.N.Y. July 9, 2020); *Santana v. Comm'r of Soc. Sec.*, No. 17-CV-2648 (VSB) (BCM), 2019 WL 2326214, at *1 (S.D.N.Y. May 30, 2019); *Marte v. Berryhill*, No. 17-CV-3567 (VSB) (JLC), 2018 WL 5255170, at *1 (S.D.N.Y. Oct. 22, 2018); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (internal quotation marks omitted); *accord Feehan v. Feehan*, No. 09-CV-7016(DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. Rule 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, the R&R was issued on July 3, 2024. After requesting an extension, Defendants had until July 31, 2024 to file objections, but they filed none. (*See* ECF No. 156.) Since Defendants failed to file any objections, the Court has reviewed Judge McCarthy's R&R for clear error and found no clear error. As expressed more fully in the R&R, after considering the evidence submitted by both parties, evidence supported Judge McCarthy's decision that Plaintiff be awarded $8,000.00

3

in actual damages, $500.00 in statutory damages, $103,214.37 in attorney's fees, and $5,924.87 in costs, for a total award of $117,639.24. (ECF No. 154 at 1-2.)

## CONCLUSION

For these reasons, the Court adopts Judge McCarthy's R&R in its entirety. The Court kindly directs the Clerk of Court to enter judgment as follows: Plaintiff is awarded $8,000.00 in actual damages, $500.00 in statutory damages, $103,214.37 in attorney's fees, and $5,924.87 in costs, for a total award of $117,639.24. The Clerk of Court is also respectfully directed to close this case.

Dated: September 24, 2024
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge